PHILLIPS CO. v. EVERETT.*

In re SPRINGFIELD REALTY CO.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1919.)

No. 3338.

CORPORATIONS ☞642(4½), 660—CONTRACT BY FOREIGN CORPORATION A MICHIGAN CONTRACT, SUPPORTING LIEN BY CONTRACTOR.

A contract to equip a building in Michigan with an automatic fire sprinkler system, made by a foreign corporation which had not complied with the laws of Michigan to authorize it to do business or make contracts in the state, and which executed the contract entirely through subcontractors, who manufactured and installed the system, furnishing both materials and labor, *held* a Michigan contract, and not an interstate transaction, which was void under the statute (Comp. Laws Mich. 1915, § 9063 et seq.), and would not support a mechanic's lien in favor of the contractor, regardless of whether its contracts with the subcontractors were local or interstate transactions.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

In the matter of the Springfield Realty Company, bankrupt; Byron T. Everett, trustee. The Phillips Company appeals from an order denying its claim to mechanic's lien. Affirmed.

Thomas G. Long, of Detroit, Mich., for appellant.

Walter E. Oxtoby, of Detroit, Mich., and Stewart Hanley, of Detroit, Mich., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The Phillips Company, a corporation organized under the laws of the state of Wisconsin, with its principal place of business in Chicago, Ill., entered into a contract with the Springfield Realty Company, a corporation organized under the laws of Michigan, to equip its manufacturing plant in the city of Detroit, Mich., with a system of automatic fire sprinklers, for which it was to receive the sum of $31,776. Later additional equipment was ordered, making in the aggregate $32,224, for which amount the Phillips Company filed a mechanic's lien on the property equipped by it with such sprinkler system.

The Springfield Realty Company having gone into bankruptcy, an order was made staying proceedings for the enforcement of this lien in the state courts of Michigan, and requiring the same to be enforced in the bankruptcy proceedings against the fund derived from the sale of the plant and property. In accordance with this order, a petition was filed by the Phillips Company in the bankruptcy proceedings, seeking to have its mechanic's lien transferred to the fund arising from the sale of the bankrupt's property. The trustee in bankruptcy filed an answer to this petition, averring, among other things, that at the time the Phillips Company entered into the contract with the Springfield Realty Company, and at the time it equipped the plant of that company with an automatic fire sprinkler system, the Phillips Company had not

complied with the provisions of the laws of Michigan with reference to foreign corporations, in that it had not procured from the secretary of state of the state of Michigan a certificate of authority to carry on business in that state, and that for this reason its contract with the Realty Company was in violation of the laws of Michigan, and its pretended mechanic's lien invalid and not enforceable in the courts of that state. Upon this issue the referee found from the evidence in favor of the trustee, and made an order denying the claimant's petition and lien, and this finding of the referee was affirmed by the court below.

The Michigan statute provides, among other things, that it shall be unlawful for any corporation organized under the laws of any state of the United States, except the state of Michigan, or of any foreign country, to carry on its business in that state, until it shall have procured from the secretary of state a certificate of authority for that purpose, and that no foreign corporation subject to this provision shall be capable of making a valid contract in Michigan, until it shall have fully complied with this requirement, and at the time of making such contract holds an unrevoked certificate to that effect from the secretary of state.

It is contended upon the behalf of the appellant that there is no evidence in this record tending to prove where the contract was executed; that the presumption obtains that it was lawfully executed in the state of Wisconsin, in which state the appellant was authorized to transact business, and that therefore it was not doing business in Michigan; that the installation of the automatic fire sprinkler system in the plant of the Springfield Realty Company at Detroit, Mich., was merely incidental to the contract; that a large portion of the material used in the construction of this system, either in the raw state or finished product, was shipped from other states into Michigan, and that for this reason the entire contract involved an interstate transaction not within the purview of the Michigan statute; and that, even if all of the transaction was not interstate commerce, at least a portion thereof was, and for that portion the Phillips Company is entitled to an allowance of its claim as upon a quantum meruit.

It appears, from the evidence taken before the referee, that the appellant is not engaged in the manufacture of automatic sprinkler systems, either in the state of Wisconsin or elsewhere, but, on the contrary, is engaged in the business of contracting for and procuring the installation of automatic sprinkler systems manufactured by other persons and corporations. In this particular case, the appellant entered into a contract with the General Fire Extinguisher Company of Michigan, a corporation engaged in the manufacture of automatic sprinkler systems, for a system of wet pipe Grinnell automatic sprinklers, which comprehended by far the larger part of appellant's entire contract. It also entered into a contract with the Pittsburgh-Des Moines Steel Company, of Pittsburgh, Pa., for the construction of a steel tower and tank to be used in connection with and as a part of the sprinkler system to be installed by the General Fire Extinguisher Company of Michigan. These companies were required to install in the plant of the

Springfield Realty Company, at Detroit, Mich., the respective portions of the equipment to be furnished by each in accordance with the plans and specifications, and subject to the inspection of the Michigan inspection bureau. It further appears that the Phillips Company exercised some general supervision over the installation of this system, but that the subcontractors furnished all the material, labor, and immediate supervision necessary to the installation of the portion of the entire system to be furnished by each.

The determination of the questions presented by this record involves no new principles, but rather the application of the established law to the facts of this case. While the state has no authority to impose a burden upon interstate commerce by taxation or otherwise, nevertheless it has authority to provide by legislation the terms and condition upon which a foreign corporation may engage in intrastate business within its territorial limits, or avail itself of the benefits of its laws and the aid and protection of its courts in the enforcement of contracts relating to such business. Baltic Mining Co. v. Massachusetts, 231 U. S. 68–83, 34 Sup. Ct. 15, 58 L. Ed. 127.

This court has held in the case of Hayes Wheel Co. v. American Distributing Co., 257 Fed. 881, —— C. C. A. ——, that the Michigan statute relating to corporations of other states does not offend against the federal Constitution, but, on the contrary, expressly provides that the act shall not be construed "to prohibit any sale of goods or merchandise which would be protected by the rights of interstate commerce." Comp. Laws 1915, § 9070. So that, if the installation of this automatic sprinkler system in the plant of the Springfield Realty Company at Detroit, Mich., was an interstate commerce transaction, then the appellant was not subject to the provision of the Michigan act, and ought to recover in this case the full amount of its claim, for there is no question here made that it has not complied with all the requirements of the mechanic's lien law of that state. Comp. Laws Mich. 1915, §§ 14796–14830.

In view of the evidence offered on behalf of the appellant, it is clear that the installation of this automatic sprinkler system was not merely an incident to its sale and purchase, for the appellant was not manufacturing sprinkler systems, and had none of its own either to sell or to install. Its contract with the Springfield Realty Company comprised the whole scope of the business for which it was organized. It could have done no more in the state of Wisconsin. The fact that it employed a Michigan corporation to perform a part of this contract for it, and that this Michigan company brought some raw materials from other states to be used in its factory in the manufacture of its finished product can in no wise affect the appellant's relation to the transaction, further than to show that it was not selling to the Springfield Realty Company an automatic sprinkler system manufactured by itself in its home state, or in any other state.

It is insisted that these subcontractors were each independent contractors; that part of the system furnished by the Pittsburgh-Des Moines Steel Company of Pittsburgh, Pa., comes clearly within the protection of the federal Constitution in reference to interstate com-

merce; and that the General Fire Extinguisher Company of Michigan is a local corporation and authorized to transact business within that state. It might be true that a court would hold that these contractors were independent contractors in an action by a third party for an injury to person or property caused through the fault or negligence of either in performing the particular part of the work covered by their respective contracts, but that principle cannot be applied to the parties themselves. So far as the Phillips Company is concerned they were its subcontractors; each performing for and on account of the Phillips Company a part of its contract with the Springfield Realty Company. The relation of the Phillips Company to the Springfield Realty Company was that of principal contractor. It was entitled to the benefits accruing from the proper installation of this sprinkler system by the subcontractors, and liable to the Springfield Realty Company for any defects in that system, either in material or labor, or for any unnecessary delay in installing the same, and therefore the claim that these subcontractors occupied the relation of independent contractors, so far as the Phillips Company and the Springfield Realty Company are concerned, is not tenable.

It is insisted, however, that the part of this sprinkler system installed by the Pittsburgh-Des Moines Steel Company of Pennsylvania was clearly interstate commerce, and that the appellant is therefore entitled to recover upon a quantum meruit. This proposition is equally untenable. As we have already seen, the status of the subcontractors cannot fix, change, or alter the status of the parties to the original contract. If that were true, the Phillips Company might transfer its entire business activities to the state of Michigan, and by subcontracting with persons or corporations outside that state defy its laws providing terms and conditions upon which nonresident corporations may do business within the state, and at the same time avail itself of the benefits of other statutes of that state and use its courts for its own protection and to enforce its rights.

For the purpose of this case it is perhaps immaterial where this contract was executed. In the case of Empire Fuel Co. v. John E. Lyons, 257 Fed. 890, —— C. C. A. ——, Judge Knappen, in discussing this question, said:

"It does not follow from the fact that the contract was made in West Virginia that all business done under it must be regarded as done in that state"—citing in support of this proposition Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 414, 25 Sup. Ct. 483, 49 L. Ed. 810.

There is some evidence, however, that this contract was executed in Michigan. It recites that the agreement is "made this 8th day of November, A. D. 1916." The first signature attached thereto is the signature of the Phillips Company; the second signature is that of the Springfield Realty Company; but in connection with the latter signature it further appears by the certificate of a notary public that the president and secretary of the Springfield Company acknowledged the signing and execution of this contract in Wayne county, Mich., on the 9th day of November, 1916. It is true that the Phillips Company may, and probably did, sign this paper writing at its office in Chicago,

Ill.; but it was not a contract until signed by the other contracting party, which, from the jurat of the notary public, appears to have been done in the state of Michigan on the 9th day of the same month.

This contract, however, contemplated by its terms performance by the Phillips Company within the state of Michigan, and the evidence relating to that company's method of performance clearly shows that no part thereof was merely incident to the main transaction, but rather that the contract, in its entirety, was a business transaction, local in its nature and indivisible in character. We have therefore reached the conclusion that the finding of the referee in this particular, and the judgment of the District Court affirming the same, are fully sustained by the evidence.

It is further urged on behalf of the appellant that, by reason of the installation of this automatic sprinkling system in the plant of the Springfield Realty Company, it thereby enhanced the value of its property and contributed largely to the fund arising from the sale thereof, and that for this reason it ought to recover as upon a quantum meruit, regardless of the validity of its contract. Undoubtedly, it did contribute largely to the value of the property from which this fund was derived; but this action is one to enforce a mechanic's lien, and the only question before this court at this time is the question of the validity of that lien, either as against the property itself or as against the fund arising from its sale.

In disposing of this question, this court has neither the right nor the authority to ignore the laws of Michigan pertaining to this transaction. It is, of course, unfortunate that the appellant must lose the cost of the material and labor that has added to the fund for distribution among the general creditors of the bankrupt; but that is not the fault of the referee in bankruptcy or of the court. The appellant could easily have protected itself from loss by complying with the laws of Michigan relating to nonresident corporations doing business within that state. It failed, neglected, or refused to do this, and the courts cannot relieve it from the consequences of its own neglect.

The judgment of the District Court is affirmed.