REPUBLIC CREOSOTING CO. v. BOLDT CONST. CO.

No. 5401.

Circuit Court of Appeals, Sixth Circuit.

March 14, 1930.

George C. Dissette, of Cleveland, Ohio, for appellant.

A. M. Van Duzer, of Cleveland, Ohio (Dustin, McKeehan, Merrick, Arter & Stewart, and George Wm. Cottrell, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

MOORMAN, Circuit Judge.

The substantial question in this case is whether a contract of an Indiana corporation made in Ohio, before the corporation had qualified to do business in that state, is enforceable against the resident contracting party, in an action brought in a district court of the United States sitting in that state.

Sections 178, 179, and 183 of the Ohio Code provide that no foreign corporation shall transact any business for profit, or maintain an action in the state, until it shall have procured a certificate from the Secretary of State showing that it has filed in his office a sworn statement designating an agent upon whom process may be served, and giving certain data as to its corporate organization, capital stock, and the business in which it proposes to engage. And section 5508 provides that "every contract made by or on behalf of

any such foreign corporation, affecting the liability thereof or relating to its property within this state, before it shall have complied with the provisions of section one hundred seventy-eight of the General Code, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

It has been generally held or assumed that it is within the police power of a state to enact valid statutes similar to those here under consideration. Pittsburgh Construction Co. v. West Side Belt R. Co. (Pa. Stat.) 154 F. 929, 11 L. R. A. (N. S.) 1145 (3 C. C. A.); County of Cullman v. Vincennes Bridge Co. (Ala. Stat.) 251 F. 473 (5 C. C. A.); Phillips Co. v. Everett (Mich. Stat.) 262 F. 341 (6 C. C. A.); Michigan Lubricator Co. v. Ontario Cartridge Co. (Mich. Stat.) 275 F. 902 (C. C. A.); Chattanooga Building, etc., Ass'n v. Denson, 189 U. S. 408, 23 S. Ct. 630, 47 L. Ed. 870; Interstate Amusement Co. v. Albert, 239 U. S. 560, 36 S. Ct. 168, 60 L. Ed. 439. But in sustaining such statutes the courts have not always held that the noncomplying corporation is without remedy as against the resident party who has received and retains the benefits of the contract. Some of them have permitted recoveries where the circumstances justified it, not upon contract, but in trover, assumpsit, or replevin. It has also been held that a statute which merely requires the payment of an entrance fee, with designation of an agent upon whom process may be served, but does not fix a penalty for doing business or declare contracts void, does not defeat a right of action on the contract by the noncomplying corporation in a federal court, whatever efficacy it may have in the state courts. David Lupton's Sons v. Auto Club of America, 225 U. S. 489, 32 S. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699; Boatmen's Bank v. Fritzlen, etc., 221 F. 154 (8 C. C. A.). The Seventh circuit held in Kawin & Co. v. American Colortype Co. (C. C. A.) 243 F. 317, that a statute of Illinois, having no provision that the contract should be void, but declaring that no suit should be maintained upon it in any court in that state, simply provided a penalty of exclusion from the state courts, and an action thereon could be maintained in the federal courts. See, also, in this connection, Dunlop v. Mercer et al., 156 F. 545 (8 C. C. A.).

It is difficult to see how a contract declared to be wholly void may be validated by the same statute as to one of the contracting parties. Diamond Glue Co. v. United States

Glue Co., 187 U. S. 611, 23 S. Ct. 206, 47 L. Ed. 328, does not consider or determine that question, and the necessity for deciding it in this case does not arise, since it is our duty to follow the construction which the Ohio courts have placed upon the statutes in question. Chattanooga National Building, etc., Ass'n v. Denson, supra.

While there is a rule of the Supreme Court of Ohio that syllabi of its decisions shall be considered as its pronouncements of law, we know of no reason why the opinion itself, in so far as it does not conflict with the syllabi, ought not to be given precedential weight. In the opinion in American Soap Company v. Bogue, 114 Ohio St. 149, 150 N. E. 743, it was stated that the purpose of section 5508 of the Code was to insure compliance by foreign corporations with the requirements imposed upon them in order to do business in the state; and in List v. Burley Tobacco Growers' Ass'n, 114 Ohio St. 361, 151 N. E. 471, it was said that "acts of such foreign corporation within this state prior to registration within the limitations permitted by the laws of this state are not void." Appellee contends that this latter pronouncement is a dictum, as the defense of invalidity of the contract for failure to qualify to do business was not presented in the case. Whether it was or was not relied upon by defendant, it was none the less pertinent and available, and the court, in the syllabi of its opinion, expressly pronounced judgment thereon. In Eversman v. Ray Shipman Co., 115 Ohio St. 269, 152 N. E. 643, involving the construction of statutes which made it the duty of the Secretary of State, in certain contingencies, to cancel the articles of incorporation of a domestic corporation, and deprive the corporation of the right thereafter to exercise any of its privileges or franchises in the state, the court took occasion to refer to the two earlier decisions just mentioned, and reiterated that the acts of a foreign corporation done within the state prior to registration were not void. These decisions clearly discover the mind of the court and are sufficient, in the absence of contra adjudications, to justify our acceptance of them as the court's construction of the statutes in question.

According to this construction, the statutes do not vitiate the contract, but merely withhold from the foreign corporation the right to maintain an action thereon in the state courts until it has qualified to do business in the state. It is clear under the David Lupton's Sons Case, supra, that this restric-

tion of right does not extend to the federal courts.

The result is, the judgment must be reversed, and the cause remanded for a new trial.