GENERAL HIGHWAYS SYSTEM *v.* DENNIS.

1. DEPOSITIONS—MOTION TO SUPPRESS—WAIVER.
  Where no motion to suppress deposition was made in accordance with Circuit Court Rule No. 37, objection thereto was waived.

2. CORPORATIONS—FOREIGN CORPORATIONS—FAILURE TO COMPLY WITH STATUTE BARRED ACTION.
  Contract by foreign corporation to erect signs in this State contemplated more than interstate commerce, and therefore action thereon is barred by Act No. 84, Pub. Acts 1921, by reason of failure to comply therewith.

Error to Muskegon; Vanderwerp (John), J. Submitted April 10, 1930. (Docket No. 58, Calendar No. 34,861.) Decided June 2, 1930.

Assumpsit by General Highways System, Inc., an Illinois corporation, against Sigmund S. Dennis on an advertising contract. From a judgment for plaintiff, defendant brings error. Reversed.

*Galpin, Smedley & Dunn,* for plaintiff.

*William J. Balgooyen,* for defendant.

POTTER, J. Plaintiff, an Illinois corporation, engaged in the manufacture, sale, and erection of signs, sued defendant in assumpsit by declaration and rule to plead. Defendant pleaded the general issue, and gave notice the contract sued upon was procured by fraud, payment, and that plaintiff had failed to comply with chapter 1, pt. 5, Act No. 84, Pub. Acts 1921, making it unlawful for foreign cor-

On effect of agreement by foreign corporation to install article within State to bring transaction within State control, see annotation in 14 L. R. A. (N. S.) 674; L. R. A. 1917C, 1014; 11 A. L. R. 614.

As to whether construction of work by foreign corporation is doing business within State, see annotation in 55 A. L. R. 726.

porations to do business in Michigan without complying therewith. The case was tried before the court without a jury. No findings of fact and conclusions of law were proposed. The trial court filed a written opinion, as well as findings of fact and law, and rendered judgment for the plaintiff for $1,132.32. Subsequently exceptions were filed to such findings, and defendant brings error, claiming the court erred in receiving in evidence the depositions of witnesses taken in Chicago, there should be no recovery because of plaintiff's fraud, and plaintiff may not maintain this suit by reason of its failure to comply with that part of Act No. 84, Pub. Acts 1921, above referred to.

The statute governing the taking of depositions requires notice to the opposite party of the taking of the same to enable him to exercise his right of cross-examination, which ordinarily is a condition precedent to the introduction and use of the testimony so taken, but by Circuit Court Rule No. 37 objections to notices of, and to the manner of taking, certifying, or returning, depositions must be raised by a motion to suppress or waived. No motion to suppress was made in this case in accordance with the rule, and we treat the objections to the depositions as waived.

There was testimony to sustain the claim of defendant that the written contract sued upon had been altered in a material particular after it was signed by the defendant and without his consent, and testimony to sustain the conclusions of the trial judge upon this question. We are not disposed to disturb the conclusions of the trial judge in this particular.

The plaintiff sent its salesman into Michigan, and such salesman entered into the contract sued upon,

which contemplated the manufacture in Illinois and shipment to Michigan of the signs contracted for. The contract contemplated something more than interstate commerce—the erection of the signs by plaintiff, to do which plaintiff sent Mr. Donahue, its construction engineer, to Michigan, where he superintended the procuring of the leave, license, or lease to erect and maintain the signs, erected the same or employed others to do so under his supervision. This work falls within the prohibition of the statute pleaded and relied upon by the defendant, and bars the plaintiff's right to maintain this suit. *Imperial Curtain Co.* v. *Jacob,* 163 Mich. 72; *Power Specialty Co.* v. *Mich. Power Co.,* 190 Mich. 699; *B. F. Sturtevant Co.* v. *Leitelt Iron Works,* 196 Mich. 552; *Decorators' Supply Co.* v. *Chaussee,* 211 Mich. 302; *Irvine & Meier* v. *Wienner,* 212 Mich. 199; *Philips Co.* v. *Everett* (C. C. A.), 262 Fed. 341; *Andrews Co.* v. *Colonial Theatre Co.* (D. C.), 283 Fed. 471; *Browning* v. *City of Waycross,* 233 U. S. 16 (34 Sup. Ct. 578).

Judgment is reversed, with costs, and the case remanded, with directions to enter judgment for defendant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.