## MORTON *v.* HART BROS.

### (*Nashville.*   January 28, 1890.)

INSURANCE.   *Agent personally responsible for loss under policy taken in unqualified company.*

An insurance agent who takes a policy in this State for a foreign company that is doing business unlawfully—not having complied with the requirements of our laws regulating the business of insurance—becomes personally responsible to the policy-holder for loss that occurs under that policy.

Code construed: ₴2565 (M. & V.).

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County.   W. K. McALISTER, J.

WHITMAN & GAMBLE for Morton.

BRYAN & CARTWRIGHT for Hart Bros.

TURNEY, Ch. J.   Plaintiff applied to defendants, insurance agents, for a policy on his stock of goods.   He directed them, if they could not give him a good company, to send his money back. They sent him a policy in "Louisiana Insurance Company of New Orleans" for five hundred dol-

lars. That company had not complied with the law of the State making it unlawful "for any insurance company not organized under or incorporated by the laws of this State to transact any business of insurance in this State, through agents or otherwise, unless possessed of at least two hundred thousand dollars of paid-up, actual cash capital, of which at least one hundred thousand dollars shall be invested in bonds of the United States, or some one or more of the States, reckoning the same at their current market value; nor until such company, in addition to the other requirements of this article, shall have filed with the Commissioner of Insurance a written instrument, duly signed and sealed, authorizing said Commissioner to acknowledge service," etc. Code (M. & V.), § 2565. Nor with other provisions touching foreign insurance companies doing business in this State.

The goods were lost by fire and the insurance company is insolvent, so that it follows the defendants were undertaking to do an unlawful and prohibited business. In such undertaking they must be held to guarantee the solvency of the concern they represent to the extent of the requirements of our statutes, as cited, and that losses will be paid here. That law was intended to protect the citizen policy-holder and give him redress in the Courts of the State. If the company was not worth two hundred thousand dollars in actual, paid-up cash capital, the undertaking of

the agent supplies that want for the benefit of the insured; and if a loss occurs, the agent must respond to the assured and look to his principal for indemnity. His wrongful act has brought about the loss, and he must sustain it.

The charge of the Court, on second trial, "that if defendants knowingly insured plaintiff in a company which had not complied with the laws of the State, this fact might be considered by the jury in determining defendant's negligence," was error.

The charge on the first trial was in substantial compliance with the law as stated in this opinion, and it was error to set aside the verdict and judgment for the plaintiff.

The last judgment is reversed and the first affirmed, with interest and all costs.