W. H. CUNNYNGHAM *et al. v.* ERNEST SHELBY *et al.*

*(Knoxville.* September Term, 1916.)

1. **CORPORATIONS.** Foreign corporations. Liability of stockholders. Failing to comply with statute.

Stockholders of a foreign corporation, attempting to do business as such in the State without having attempted to comply with the statutory requirements as to foreign corporations, are liable on contracts as partners, although contracting in corporate name, and although the stock holders did not know of such noncompliance with the statutes, since generally foreign corporation not complying with such laws have no standing in the courts. (*Post, pp.* 178-182.)

Cases cited and approved: Cary-Lombard Lumber Co. v. Thomas, 92 Tenn., 587; Insurance Co. v. Kennedy, 96 Tenn., 711; N. Y., etc., B. & L. Association v. Cannon, 99 Tenn., 344; Lumber Co. v. Moore, 126 Tenn., 313; Amusement Co. v. Albert, 128 Tenn., 417; Singer Mfg. Co. v. Draper, 103 Tenn., 262; State v. O'Brien, 94 Tenn., 79; Packet Co. v. Agnew, 132 Tenn., 265; State ex rel. v. Tel. & Tel. Co., 114 Tenn., 194; Morton v. Hart, 88 Tenn., 427; Carter v. McClure, 98 Tenn., 109; Harrill v. Davis, 168 Fed., 187; Taylor v. Branham, 35 Fla., 297; Mandeville v. Courtright, 142 Fed., 97; Empire Mills v. Alston Grocery Co., 15 S. W., 505; Merriman v. Magiveny, 59 Tenn., 494; Swofford Bros. Dry Goods Co. v. Owen, 37 Okla., 616; Rutherford v. Hill, 17 L. R. A., 549.

2. **CORPORATIONS.** Suit against stockholders as partners. Complaint. Sufficiency.

In action, for labor rendered, against stockholders in a foreign corporation not complying with the State law, a warrant describing them as stockholders in a foreign corporation not authorized to do business in the State, *held* sufficient to charge them as partners, although not describing them in terms as partners. (*Post, pp.* 182, 183.)

FROM RHEA.

Appeal from the Circuit Court of Rhea County.—
FRANK L. LYNCH, Judge.

D. M. RHEA and J. B. SWAFFORD, for appellants.

WRIGHT & HAGGARD and C. G. MYERS, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of
the Court.

Plaintiffs in error were stockholders in a corpora-
tion chartered under the laws of the State of Dele-
ware, but which had its office and transacted its busi-
ness in Rhea county, Tenn., without having com-
plied with the statutes of the State permitting for-
eign corporations to do business here. The corpora-
tion was chartered as a development company for the
purpose of developing the mineral and timber re-
sources of the territory adjacent to Spring City, in
Rhea county, including the promotion of several in-
dustries. Carrying out this purpose it came to Spring
City, rented buildings, hired transportation, had op-
tions taken on certain lands, and had in its employ
there a chief engineer and an assistant engineer, who
had charge of a body of servants, employees of the
company, engaged in making surveys and maps of
lands on which the alleged company held options,

136 Tenn.—12

and which surveys were being made for the benefit of the company. In one of the offices which was maintained at Spring City it had in its employ a stenographer who wrote the correspondence with reference to the business of the company, and these letters were always signed, "Central Tennessee Development Co., per ——— Secy." Its board of directors and stockholders were permitted to meet at this office and confer concerning the business of the concern, and it kept and used at this office a corporate seal. The defendants in error did work for them in carrying out these purposes, and compensation was sought for this work by the suit mentioned in the margin, and other suits consolidated therewith.

It was contended in the trial court that the plaintiffs in error were liable as partners, and the trial judge, in effect, so charged the jury.

Was this the correct view? We think it was.

Foreign corporations have no right to do business in this State unless they first comply with the provisions of our statutes, with reference to the filing of their charters, etc. If they fail to do so, they have no standing before the courts for the enforcement of any rights, with two exceptions, which we shall presently note. *Cary-Lombard Lumber Co.* v. *Thomas,* 92 Tenn., 587, 22 S. W., 743; *Insurance Co.* v. *Kennedy,* 96 *Tenn.,* 711, 36 S. W., 709; *New York, etc., B. & L. Association* v. *Cannon,* 99 Tenn., 344, 41 S. W., 1054; *Lumber Co.* v. *Moore,* 126 Tenn., 313, 148 S.

W., 212; *Amusement Co.* v. *Albert,* 128 Tenn., 417, 427, 161 S. W., 488; and compare *Singer Manufacturing Co.* v. *Draper,* 103 Tenn., 262, 52 S. W., 879.

The exceptions above referred to are *State* v. *O'-Brien,* 94 Tenn., 79, 28 S. W., 311, 26 L. R. A., 252, holding that a servant of a company who has feloniously appropriated its money is estopped to defend on the ground of the company's failure to comply; the case of *Packet Co.* v. *Agnew,* 132 Tenn., 265, 177 S. W., 949, L. R. A., 1916A, 640, holding that an unfaithful servant of such company, who has made profits by the use of the company's business for his own purposes, cannot defend when called to account, by showing that the company had failed to comply; and finally the case of *State ex rel.* v. *Telephone & Telegraph Co.,* 114 Tenn., 194, 86 S. W., 390, in which it was held that where such company had attempted to comply, but had inadvertently omitted one requirement, it would not be ousted from the State except upon a direct suit for that purpose by the State.

We have no direct decision upon the question whether stockholders of such a corporation carrying on business would be liable as partners; but we have two cases which are based substantially on the same principle. In *Morton* v. *Hart,* 88 Tenn., 427, 12 S. W., 1026, it was held that where a foreign insurance company had failed to comply, an agent who took a policy in its name was personally liable thereon, since inasmuch as he could not bind his principal he bound himself. In *Carter* v. *McClure,* 98 Tenn.,

109, 28 S. W., 585, 36 L. R. A., 282, 60 Am. St. Rep., 842, it appeared that certain persons associated themselves together for the purpose of carrying on a co-operative store, entered into a written agreement providing for directors and for stockholders, and called themselves stockholders, and set forth the amount which was to be employed in the business, and carried on the business for a profit, but were, in fact, not incorporated. The concern finally failed, and the so-called stockholders were sued as partners, and the court held they were liable as such, on the ground that the persons concerned composed an association carrying on a business for profit, and, it not being a corporation, the law had no other name for it than that of a partnership. To the same effect is the case of *Harrill* v. *Davis,* 168 Fed., 187, 94 C. C. A., 47, 22 L. R. A., (N. S.) 1153, in which will be found an elaborate discussion of the point.

A direct authority is found in *Taylor* v. *Branham,* 35 Fla., 297, 17 South, 552, 39 L. R. A., 362, 48 Am. St. Rep., 249, in which it was held that a corporation chartered in Tennessee had no right to transact business in Florida without complying with the laws of that State, prescribing certain conditions for the entering of that State by foreign corporations, and that the stockholders who undertook to carry on the business of such foreign corporations were liable as partners. The same principle is found laid down in *Mandeville* v. *Courtright,* 142 Fed., 97, 73 C. C. A., 321, 6 L. R. A., (N. S.) 1003. In that case it was held

that a dental company chartered in New Jersey had no right to carry on its business in Pennsylvania, by virtue of its New Jersey charter, and that its stockholders carrying on such business in Pennsylvania became personally liable as partners. In the case it appeared that an employee of the company fractured a woman's jaw while trying to operate upon her teeth. The stockholders were held liable for damages.

The general principle is that stated in *Carter* v. *McClure,* supra, and *Harrill* v. *Davis,* supra, that where persons are associated together carrying on a business for profit, they are *prima-facie* partners, no matter what name they use, and they cannot escape except by showing that they were a corporation.

The fact that defendants in error dealt with them in their corporate name can avail them nothing. *Harrill* v. *Davis,* supra; *Empire Mills* v. *Alston Grocery Co.* (Tex. App.), 15 S. W., 505, 12 L. R. A., 366, 369, and see note. It does not appear that defendants in error knew that the corporation had not complied with the Tennessee laws. However, we do not think this would have made any difference, since the corporation was without the power of contracting, and as the plaintiffs in error could not bind it, they necessarily bound themselves. *Morton* v. *Hart,* supra.

It should be noted that the principles above announced do not apply to corporations *de facto;* that is, those which have made a *bona fide* effort to comply with the provisions of law and have inadvertent-

ly failed in some particular, and in good faith have exercised the franchises of such corporation. *Merriman* v. *Magiveny*, 12 Heisk. (59 Tenn.), 494; *Swofford Bros. Dry Goods Co.* v. *Owen,* 37 Okl., 616, 133 Pac., 193, L. R. A., 1916C, 189, and note. And see note to *Rutherford* v. *Hill,* 17 L. R. A., 549.

The learned court of civil appeals was of the opinion that the plaintiffs in error were liable as partners, but held, that the warrant was not adequately framed against them as such, and on that ground reversed the judgment of the trial court. We think the court of civil appeals was somewhat too strict in its construction of the warrant. The suit was originally brought before a justice of the peace, and subsequently appealed to the circuit court of Rhea county, and there tried. The warrant, instead of describing the plaintiffs in error in terms as partners, described them as stockholders in a foreign corporation not authorized to do business in the State of Tennessee, and summoned the plaintiffs in error to answer in an action by account for labor rendered. This is very meager, it is true, but it sufficiently notified the plaintiffs in error of the grounds on which they were to be held liable; that is, for transacting business in Tennessee under the name of a foreign corporation without having complied with the laws authorizing such transaction of business, such business, of course, implying an effort to obtain profit. This was using the definition for the name. The plaintiffs in error, when so summoned, could not misunderstand what

Cunnyngham v. Shelby.

they were called upon to defend, so the purpose of requiring some general statement of the cause of action in the warrant of the justice of the peace was sufficiently complied with. Therefore, we are of the opinion that the judgment of the court of civil appeals must be reversed, and that of the trial court affirmed.