CAMPBELL-MOSS-JOHNSON, INC. *v.* FRED W. LUPTON.*

*(Nashville.* December Term, 1926.)

Opinion filed February 14, 1927.

1. **FOREIGN CORPORATION, NOT DOMESTICATED.** Liability of stockholders for indebtedness.

There being no corporation to be found, a foreign corporation, not domesticated as provided by statutes of this State, those participating, whether stockholders, officers or other agents in the doing of the business which give rise to the demand, are held liable, unless the work called for by a contract out of which the claim sued on arose, was done wholly outside of this State, that is the business was to be done elsewhere. (Post, p. 95.)

Citing: Cunningham v. Shelby, 136 Tenn., 176; Equitable Trust Co. v. Central Trust Co., 145 Tenn., 146; Adam B. Crouch v. Jos. F. Gray, 154 Tenn. 521.

Distinguishing: Equitable Trust Co. v. Central Trust Co., 145 Tenn., 146.

2. **SAME. Same.**

It is the prohibition of our statutes, against doing business in this State without domesticating here. It is a violation of this prohibition which results in individual liability. (Post, p. 97.)

3. **SAME. Same.**

Recognition of corporate existence is denied foreign corporations only with respect to transactions which involve the doing of business in this State, (Post, p. 99.)

4. **SAME.**

Opinion denying petition to rehear. (Post, p. 100.)

In giving application to the rule of individual liability, the place of performance of the service contracted for is the controlling ele-

*On partnership liability of stockholders of a foreign corporation in a State in which it is doing business, see annotation in L. R. A. 1917B, 574.

ment rather than the place of payment therefor, citing Lumber Co. v. Moore, 126 Tenn., 318.

---

*Headnotes 1. Corporations, 14a C. J., section 4017; 2. Corporations, 14a C. J., section 4017; 3. Corporations, 14a C. J., section 4017.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Chancellor.

MILLER, MILLER & MARTIN, for plaintiffs.

EDW. FINLEY and WILLIAMS & FRIERSON, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a decree dismissing a bill filed to recover from a stockholder debts primarily the obligations of Thacher Sales Company, a foreign corporation, alleged to have been doing business in Tennessee when the debts were created without having domesticated in this State.

It is conceded that defendant Lupton was such stockholder, that the corporation had not domesticated in Tennessee when the debts were created in its name and behalf, and the amount of the indebtedness is undisputed. And it is conceded that defendant Lupton was a resident of this State, a director in the non-complying corporation, and was a participating stockholder as to the business done in the corporate name.

It further appears that the corporation in which the defendant is a stockhoder is a sales company only, man-

ufacturing no goods and maintaining no stock in warehouses or elsewhere, its business being confined to the buying from Thacher Medicine Company, a manufacturer of patent medicines at Chattanooga, Tennessee, of its products and selling same exclusively in other states than Tennessee. However, in addition to the fact that it was engaged in buying in Tennessee the products sold into other states exclusively, it was maintaining here, not an agency only, but its principal offices, conducting from here its general business, having numerous resident employees and doing its banking, etc., in this State, and that it filed its voluntary petition in bankruptcy in this State. It is, therefore, plausibly insisted that it was thus doing business in this State in such a sense and to such an extent as called for the filng of its charter in Tennessee pursuant to our statutes; and that in view of its non-compliance, individual or partnership liability accrued against its participating officers, agents and stockholders for its debts. The pertinent principle upon which individual or partnership liability rests for obligations created in a corporate name is non-recognization of the corporate existence whenever the obligations sued on arise out of the doing of business in Tennessee without domesticating here. There being no corporation to be bound, *those participating,* whether stockholders, officers or other agents, in the doing of the business which gives rise to the demand, are held liable. *Cunningham* v. *Shelby,* 136 Tenn., 176; *Equitable Trust Co.* v. *Central Trust Co.,* 145 Tenn., 148; (and see *Adam B. Crouch* v. *Jos. P. Gray,* decided at Knoxville, September term, 1926, opinion for publication.)

For the defendant, it is said that no partnership or individual liability attaches to the defendant, because the only business done by this foreign corporation from its

Tennessee offices was interstate in character; and also that the claims sued on arose out of a contract to be performed outside of this State. The Chancellor dismissed the bill.

The fact that claims arise out of interstate transactions is not conclusive. As properly insisted in the brief for complainant, in the leading case of *Equitable Trust Co.* v. *Central Trust Co.,* 145 Tenn., 148, stockholders of a non-complying corporation in Tennessee, held to be participating in the conduct of its business here, were held liable for the payment of debts arising out of interstate transactions. An analysis of the opinion in that case discloses that a distinguishing principle recognized and applied was that liability accrues against the participating stockholders when the place of the *performance of the contract* is in this State. In that case liability against the stockholders was denied as to those obligations, chiefly for borrowed money, which were payable under the contracts, that is, where the contracts were to be performed, in other states. (Pages 181 and 182). And this was so held despite the fact that "this money was used in the prosecution of the company's business at Dayton, Tennessee;" and liability was adjudged when the performance of the contract was to be in Tennessee, and this, as correctly insisted by counsel here for complainant, without regard to whether the transactions were interstate or not. The claims of Tuffli Bros. Iron Company and Rogers, Brown & Company were for money advanced in St. Louis, Missouri, and Cincinnati, Ohio, respectively, under contracts made in these states, where the money was loaned and was to be repaid, but because the contracts called for stacking and delivery of iron in Tennessee, that is, performance, *doing business* here, liability

was adjudged. The court approved the holding by the Chancellor of liability for the claim of Rogers, Brown & Company,—''the evidence showing that it was the intention of the parties that the contract was to be performed in Tennessee,''—although the agreement had been entered into in Ohio, and authorities are cited to sustain the proposition that it is the place of the performance which is controlling. It thus appears that the test applied was not where the order was given, or the contract made for the service, but where the business contemplated and contracted for was to be done.

This then appears to be the test here applicable: Are the claims here sued on for indebtedness arising out of work done or services rendered, contracts performed, business done, within, or outside of Tennessee? It must be borne in mind that the prohibition of our statutes is against *the doing of business in this State* without domesticating here. It is a violation of this prohibition which results in individual liability. The corporate cloak does not protect the participating individuals from liability for these obligations which are incurred in the doing of business in Tennessee, unless the corporation is domesticated here. In this view, the discussion is reduced to a narrow compass and it has become unnecessary to give consideration to the effect of many of the authorities relied on in the able briefs filed.

The business of the complainant and the thing which it undertook to do for the Sales Company is thus described in paragraphs IV, V and X of the stipulation:

IV. "The complainant is a New York corporation, with its principal office in New York City, and is engaged in having advertisements published for its customers in newspapers throughout the United States and in foreign

countries. It agrees, for a stipulated consideration, to have advertisements published in such newspapers as its customers designate, assuming and agreeing to pay the charges of the newspapers, its own compensation being the difference between the consideration paid by its customers and the amount paid the newspapers.

V. "Soon after the organization of the Thacher Sales Company, Inc., (hereinafter called the Sales Company) through personal interviews in New York City, it entered into an arrangement with complainant by which the latter was to advertise the products of the Thacher Medicine Company in newspapers published in the states and countries in which the Sales Company was selling said products. There was no written contract, but the arrangement was that complainant would prepare and submit to the Sales Company, on or about the 15th of each month, a schedule of the advertising in newspapers, which complainant proposed to have inserted for the benefit of the Sales Company during the following month. This schedule showed the newspapers which complainant proposed to use, the number of times per week complainant proposed to insert the proposed advertisements therein and the price per inch charged for such advertisements.

"According to the agreement between the said parties, and the estabished course adopted by them, which was in accord with the general custom prevailing in the business, the said schedule was submitted each month by complainant, pursuant to an understanding with the Sales Company, that the latter, upon receipt thereof, should inspect the schedule, check it up with its own records, eliminate therefrom the names of such newspapers as it might desire, and thereupon return it to the complainant, the agreement between the parties, and the custom

being that the return of the schedule by the Sales Company to complainant authorized and obligated the publishing of the proposed advertisement, to the extent of the items not eliminated.

X. "Under the above arrangement, the Sales Company did not, at any time, direct complainant to have any advertisement published for it at any point in Tennessee and all the advertisements for which it now owes complainant were published in newspapers elsewhere than in Tennessee."

It thus appears that the work of advertising the wares of the Sales Company was to be done wholly outside of Tennessee. The services called for by the contracts, regardless of how negotiated, or where to be paid for by the Sales Company, were to be performed by the complainant in other states than Tennessee, wherein the Thacher Sales Company, organized under a New York charter, was a recognized corporation. Instead of doing this business in Tennessee, it appears that the non-complying corporation expressly provided in the contract with the complainant against the doing of this business in this State.

As already indicated, we are of opinion that the claims sued on in this case fall within the class recognized as an exception in the Equitable Trust Company case. So that, conceding that the Sales Company was doing some of its business in Tennessee, and was a non-complying corporation under our statutes, nevertheless, since the work called for by the contracts out of which the claims herein sued on arose was to be done wholly outside of Tennessee, that is, the business was to be done elsewhere, recovery must be denied. This distinction was recognized in *Equitable Trust et al.* v. *Central Trust Co. et al.*, supra,

and this court is not disposed to further extend the rule of liability in this class of cases. Individual liability is limited to obligations arising out of business done in Tennessee, the doing of which by a non-complying corporation is the thing made unlawful. Recognition of corporate existence is denied only with respect to transactions which involve the doing of business in Tennessee.

The decree is affirmed.

Opinion on Petition to Rehear Filed May 18, 1927.

In a petition by appellant to rehear, it is assumed that this court overlooked the fact that a portion of the indebtedness sued on was evidenced by trade acceptances. No distinction is taken in the opinion between the open account and trade acceptances, for the reason that the conclusion reached was equally applicable to both. Both forms of indebtedness arose out of work done, or services rendered, for the Thacher Sales Company by the petitioner wholly outside of Tennessee. Whether evidenced by open account or by acceptances is not regarded as material. The test is whether the services out of which the debt arose were performed in or outside of Tennessee— not where the payment therefor was to be made. In giving application to the rule of individual liability invoked, the place of the performance of the services contracted for is the controlling element, rather than the place of the payment therefor. This was substantially the holding in *Lumber Co.* v. *Moore,* 126 Tenn., 318.

We are unable to agree with learned counsel that in a case like this, the place of payment is determinative of where the business is done, in the sense of the rule which fixes individual liability upon the participating stockholders of a non-complying corporation. As we view it,

when a non-complying corporation contracts with a party for the performance by that party of stipulated services in another State, then the business done is done in the foreign State, and not within the jurisdiction in which the order or contract therefor was made, or wherein the payment was to be made.

It may be conceded that in a case wherein the business done consists of a loan of money by a non-complying corporation to be repaid to it in the State in which the corporation had failed to domesticate, this would constitute a doing of business within that State; this would be the "place of performance," in such sense as to bring into operation the rule of individual liability invoked. But this is not the instant case.

It is ingeniously argued that the performance of these services in the foreign State was wholly the performance of the petitioner and that the defendant non-complying corporation was doing business on its part within Tennessee in making the place of payment of the acceptances in Tennessee, this being the place of performance on its part. However, as before indicated, we are of opinion that the business done by the defendant non-complying corporation, in the sense that is contemplated by the rule of liability invoked, was the advertising which it was doing through the agency employed by it for that purpose in other States than Tennessee.

Our attention is called to an inadvertent inaccuracy in the course of the opinion wherein, in referring to the Tuffli Bros. Company's contract, it was said that "the money was loaned and to be repaid" in St. Louis. However, this was immaterial, the point being that although the contracts were made in other States they were to be performed in Tennessee.

The petition must be denied.