TOWLE *v.* BEISTLE ET AL.

[No. 14,501. Filed June 27, 1933.]

*Thad M. Talcott, Jr., Shively & Arnold* and *Albert T. Frantz,* for appellant.

*Du Comb & Du Comb, Voor & Grant, Parker, Crabill, Crumpacker & May* and *L. M. Hammerschmidt,* for appellees.

CURTIS, J.—This suit was instituted in the St. Joseph Superior Court to recover from the common stockholders of Acme Manufacturing Company the amounts yet due on three trade acceptances, primarily the obligations of the company, an Indiana corporation, which, at the time they were incurred was doing business in the state of Tennessee without having domesticated under the laws of that state.

The appellant's amended complaint alleges: That the appellee stockholders, who were such when the obligations were incurred by the company resided in Indiana, the state of incorporation, where this action was brought.

That the company established manufacturing plants, sales rooms, and sales offices, and transacted some of its business in Tennessee, without having complied with the statute of the State of Tennessee pertaining to qualification of foreign corporations as conditions precedent to lawfully transacting and doing business there; that the statute which was duly pleaded, and which the corporation violated, required a foreign corporation to file in the office of the secretary of state a copy of its charter; and to pay a tax upon its authorized capital stock into the office of said secretary.

Said amended complaint further alleges: That the trade acceptances were given and payable within, and arose from transactions entered into by the company, while so doing business at Chattanooga, Tennessee; that shortly after these obligations were executed, the company, being in straightened financial circumstances, went into the hands of a receiver, from whom the appellant realized a part of the amounts owing on said trade acceptances.

The appellant seeks to hold the appellee stockholders liable individually and as partners for the said balance owing, on the theory that the law of Tennessee, duly pleaded, as interpreted and pronounced by the Supreme Court of that state is that stockholders of a foreign corporation which does business within the State of Tennessee, as such, without first complying with the statutory requirements relating to the domestication of such foreign corporations are individually liable on all contracts and obligations of the corporation arising out of business transacted by it in the state of Tennessee, in like manner and with the same effect as if said stockholders were and constituted a partnership so doing business.

Separate demurrers were addressed by the appellees to the said amended complaint upon the ground that it

did not state facts sufficient to constitute a cause of action. The memoranda attached to the demurrers contained the following specifications or their substance.

"(1) It does not appear in the amended complaint that these defendants or either of them knew of or actually took part in the transaction of any business in the state of Tennessee through or under the guise of, or with the corporation known as 'Acme Manufacturing Company.'

"(2) It does not appear that these defendants, or either of them, ever resided anywhere except in Indiana, or that they sanctioned, encouraged, took part in, or knew what the Acme Manufacturing Company was doing or did transact any business in the state of Tennessee, or that they ever approved of the action or conduct of those in charge of the Acme Manufacturing Company in transacting business in the state of Tennessee.

"(3) It does not appear that these defendants or either of them, ever violated any law of the state of Tennessee, or ever transacted any business in the state of Tennessee, and the trade acceptances set out in the amended complaint do not purport to be signed by, or on behalf of, these defendants, or either of them.

"(4) It does not appear that the plaintiff is, or was, on the 29th day of May, 1924, a resident of the state of Tennessee or was a person entitled to the protection of the laws of the state of Tennessee designed to protect residents of that state.

"(5) It appears from the trade acceptances that they were not Tennessee contracts, but contracts governed by the laws of the state of Alabama.

"(6) It does not appear that the articles of association of Acme Manufacturing Company, in any way indicated or authorized that Acme Manufacturing Company would or could do business in the state of Tennessee and under the laws of the state of Indiana, these defendants

are not liable for the debts of Acme Manufacturing Company, as Indiana corporation, and the law of Tennessee have no extra-territorial effect and are not enforceable in the state of Indiana, in violation of the statutorial liability of stockholders of Indiana corporations."

These demurrers were each sustained. The appellant excepted and declined to plead further, whereupon judgment was rendered that the appellant take nothing by his complaint. It is from this ruling and the judgment rendered that this appeal is prosecuted.

The only error assigned and relied upon for reversal is that the court erred in sustaining the appellees' several demurrers to the appellant's amended complaint.

The amended complaint is lengthy and we believe that we have sufficiently stated its scope and purpose for an understanding of the question presented by the ruling on said demurrers without setting it out in full. It sets out the Tennessee statutes relied upon, being sections 2546, 2547 and 2553 all of Shannon's Code and alleges that under the Supreme Court decisions of Tennessee interpreting those sections of the statute, the appellees are liable for the demand sued upon in the amended complaint.

It is disclosed by the amended complaint that the Acme Manufacturing Company was organized in Indiana to do business in Indiana and not in Tennessee; that the appellees became owners of common stock therein; that without their affirmative assistance, consent or participation the corporation activities were extended to the state of Tennessee without domesticating therein; that the obligations sued upon were contracted by the corporation in conducting business in Tennessee and are the primary obligations of the corporation. It is not alleged that either or all of said appellees ever affirmatively ratified the acts of the

corporation in conducting the business in Tennessee or in incurring the said obligations, neither is there any affirmative conduct of said appellees alleged that could amount to an estoppel. The question for determination is: Does the amended complaint state facts sufficient to show a liability to a creditor of the corporation in Tennessee, upon the obligations sued upon, of these non-resident (of Tennessee), non-consenting, non-participating common stockholders residing in Indiana and who are common stockholders in the said corporation, the Acme Manufacturing Company, a corporation organized to do business in Indiana and not in Tennessee, which obligations are the primary debts of the corporation arising out of the doing of business of the corporation in Tennessee without first having domesticated there as required by the laws of that state?

Under the principles of comity and within statutory and constitutional provisions a corporation created in one state or nation is permitted to enter other states and there to exercise all legitimate powers conferred upon it including usually the nonliability of its stockholders for the corporate debts, and to carry on its corporate business not prohibited by local laws or contrary to public policy. Most, if not all of the states, however, have passed laws requiring certain things to be done by a foreign corporation in order to domesticate therein before transacting business. The usual provision is to make the doing of business unlawful before complying with the law and fixing a fine as a penalty. Such are the provisions of the Tennessee code. These laws, of course, have no extra-territorial effect.

The appellant relies upon the Tennessee code which he pleaded, together with the decisions of the Supreme Court of that state which he contends makes the appellees liable individually on all contracts and obligations of the corporation arising out of the

doing of business in the state of Tennessee without first having domesticated therein. He cites and relies upon the case of *Cunnyngham* v. *Shelby* (1916), 136 Tenn. 176, 188 S. W. 1147, 1148, L. R. A. 1917B 572. We do not believe that case is in point as the facts therein are readily distinguishable from those of the instant case. There the corporation was chartered in the state of Delaware for the purpose of developing the mineral and timber resources of Rhea County in Tennessee. We quote from that case as follows: "Plaintiffs in error were stockholders in a corporation chartered under the laws of the state of Delaware, but which had its office and transacted its business in Rhea County, Tennessee, without having complied with statutes of the state permitting foreign corporations to do business here. The corporation was chartered as a development company *for the purpose* of developing the mineral and timber resources of the territory adjacent to Spring City, in Rhea County, including the promotion of several industries." In the instant case the appellant's amended complaint does not attempt to place responsibility on the appellees through their owning stock in a corporation organized to do business in the state of Tennessee as in the Cunnyingham case, *supra*. It is not alleged that the Acme Manufacturing Company was organized to transact business in Tennessee. Therein lies the distinction between the two cases. The mere fact alone of ownership of the common capital stock by the appellees in the Acme Manufacturing Corporation organized to do business in Indiana and not in Tennessee is not sufficient to hold the appellees responsible for the obligations of the company under the facts stated in the amended complaint. We believe the correct rule of law to be stated in *Provident Gold Mining Company* v. *Haynes et al.* (1916), 173 Cal. 44, 159 Pac. 155, from which we quote as follows:

"The liability of a stockholder, according to the laws of the jurisdiction in which business is transacted, rests upon his consent to be bound by such laws. His consent is inferred from the fact that he has, by his act of becoming a stockholder, authorized the governing officers of the corporation to transact business in such state. Where he becomes a stockholder in corporation whose articles authorize it to do business in any state or country which its directors may select, he empowers the directors to engage in business anywhere, and impliedly consents that, when they select a place for the transaction of corporate business, they shall have power to bind him so far as the laws of that place may require. The test of liability is whether the stockholder has authorized the corporation and its managing officers to bind him by entering upon the transaction of business in a given state." We also quote from *Campbell-Moss-Johnson, Inc.* v. *Lupton* (1927), 155 Tenn. 93, 290 S. W. 992, 1 S. W. (2d) 783, 51 A. L. R. 372, as follows: "The pertinent principle upon which individual or partnership liability rests for obligations created in a corporate name, is non-recognition of the corporate existence whenever the obligations sued on arise out of the doing of business in Tennessee without domesticating here. There being no corporation to be bound, *those participating,* whether stockholders, officers or other agents, in the doing of the business which gives rise to the demand, are held liable."

Unless the appellees should be held liable upon some other theory than mere ownership of common stock in the offending corporation the appellant must fail. This brings us to a consideration of the question as to whether or not the amended complaint contains sufficient allegations to show a liability of the appellees for the obligations sued upon on the theory that

they are participating stockholders in the transaction of the business of the offending corporation. Under the decisions if they are participating stockholders they will be deemed to have consented to be bound. In the case before us there are no affirmative acts of participation alleged to have been done by the appellees. They are alleged simply to be common stockholders in the corporation. By being mere common stockholders in an offending corporation, will the law deem them to be participating stockholders? As indicated above we are not called upon herein to determine what affirmative action will or will not amount to participation. No such acts are alleged in the amended complaint. The circumstances of each particular case would determine the question and for us in the instant case to attempt to say what affirmative acts or failure to act would constitute participation would be dicta and we refrain from so doing. It is sufficient in the instant case for us to decide the exact question before us to wit: that mere ownership of common stock in the said corporation, under the circumstances alleged in the amended complaint, does not amount to participation in the sense that the said owners are bound to answer for the corporate debts. To participate in the sense necessary to bind the appellees herein it was necessary for them to do an affirmative act, to take part, to consent either affirmatively or in contemplation of law to be bound. See *Provident Gold Mining Company* v. *Haynes et al., supra; Pinney et al.* v. *Nelson* (1901), 183 U. S. 144, 22 S. Ct. 52, 46 L. Ed. 125; *Thomas* v. *Matthiessen* (1914), 232 U. S. 221, 34 S. Ct. 312, 58 L. Ed. 577; *Thomas* v. *Wentworth Hotel Company* (1910), 158 Cal. 275, 110 Pac. 942, 139 Am. St. Rep. 120. The appellant also cites and relies upon the case of *Equitable Trust Company* v. *Central Trust Company* (1921), 145 Tenn. 148, 239 S. W. 171

and also the case of *Campbell-Moss-Johnson, Inc.* v. *Lupton, supra.* We quote from the latter case as follows: "and it is conceded that defendant, *Lupton was a resident of this state, a director in the non-complying corporation, and was a participating stockholder as to the business done in the corporate name.* . . . It is therefore plausibly insisted that it was thus doing business in this state in such a sense and to such an extent as called for the filing of its charter in Tennessee pursuant to our statutes, and that in view of its noncompliance, *individual or partnership liability accrued against its participating officers, agents, and stockholders for its debts.*" From the excerpt above set out it is apparent that the instant case is readily distinguishable from it. In the *Equitable Trust Company* v. *Central Trust Company* case, *supra,* liability was held to attach to "participating" stockholders under the conditions of that case. The same result was reached in *Crouch* v. *Gray* (1926), 154 Tenn. 521, 290 S. W. 391, 50 A. L. R. 1023, cited by the appellant.

The most usual situations with which the courts have dealt are where a corporation of another state or nation does business in a foreign state or nation without domesticating therein as required by its laws under the following situations: (1) Where it is organized or authorized by its by-laws to do business in the offended state; (2) where it is organized or authorized by its by-laws to do business in any state or states to be selected by its governing officers; (3) where it is organized or authorized by its by-laws to do business alone in the state where it is organized, but where the managing officers through their act alone have it do business in the offended state. In the first two classifications the courts have had no difficulty in holding that the stockholders are at least *prima facie* participating. The instant case falls within the third classification. Many

interesting variations of the three general classifications above set out have arisen but they need not be considered herein.

It is true as the appellant contends that a stockholder may be a participating stockholder without actually taking part in the transaction, still he must, in order to be bound, authorize his corporation, either affirmatively or in contemplation of law, to transact business in the state in question. We quote again from the *Provident Gold Mining Company* v. *Haynes* case, *supra,* as follows: "The test of liability is whether the stockholder has authorized the corporation and its managing officers to bind him by entering upon the transaction of business in a given state." The amended complaint in the instant case is wholly lacking in any allegation charging consent, or authority from the appellees.

For the reasons stated above we believe that the lower court did not err in its ruling on the demurrers. We find no reversible error.

The judgment is affirmed.