### UNITED STATES of America

v.

### Joe RYAN, Individually and d/b/a Rich Mountain Coal Company.

#### No. Civ. 3–83–130.

United States District Court,
E.D. Tennessee, N.D.

Sept. 28, 1984.

P.A. Broyles, Sp. Asst. U.S. Atty., U.S. Dept. of the Interior, Knoxville, Tenn., for United States.

Joe Ryan, pro se.

## MEMORANDUM

HULL, District Judge.

Pursuant to the Surface Mining Control and Reclamation Act of 1977 [the Act], 30 U.S.C. §§ 1201–1328 (Supp.1984), plaintiff brought a civil action for collection of civil

penalties assessed against Rich Mountain Coal Company [Rich Mountain] for violations of the Act. A judgment by default was entered against Diamond Capitol Mining, Inc. [Diamond Capitol],[1] the parent company of Rich Mountain, in the amount of $319,500 [Judgment, No. 29]. Plaintiff now seeks to hold defendant Joe Ryan individually liable for the civil penalties assessed against Rich Mountain and the judgment rendered against Diamond Capitol. The case is before the Court on plaintiff's motion for summary judgment. Defendant Ryan has not responded to the motion.

Plaintiff says defendant Ryan is individually liable for the civil penalties assessed and judgment rendered against Rich Mountain and Diamond Capitol because Ryan is the sole shareholder and only active director of Diamond Capitol, which through its subsidiary, Rich Mountain, transacted business in Tennessee without a certificate of authority. Plaintiff says that under Tennessee case law, as a matter of public policy, shareholders, officers and directors of a nonqualifying foreign corporation (an out-of-state corporation without the required certificate of authority) are individually liable for the debts of the corporation.

It is undisputed that Diamond Capitol, a foreign corporation, through its subsidiary Rich Mountain, conducted coal mining activity in Tennessee without obtaining the required certificate of authority. Thus, the legal issue for the Court is whether the failure of a foreign corporation to obtain a certificate of authority prior to commencing business in the state subjects the sole shareholder and director to individual liability for a corporate debt, arising out of the transaction of business.

The Tennessee General Corporation Act [Corporation Act], Tenn.Code Ann. §§ 48–101 to 48–1407, provides that a foreign corporation "shall procure a certificate of authority from the secretary of state before it shall transact business or conduct affairs in this state." Tenn.Code Ann.

1. Diamond Capitol was added as a party defendant by amendment to the complaint. [Motion for Leave to Amend Complaint; Amendment to Complaint, Nos. 17, 18.]

§ 48–1101 (1978). The Corporation Act provides further that "[a] foreign corporation transacting business or conducting affairs in this state without a certificate of authority shall not be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority." Tenn.Code Ann. § 48–1106(1) (1979). However, the Corporation Act provides that "[t]he failure of a foreign corporation to obtain a certificate of authority shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state." Tenn.Code Ann. § 48–1106(2). Finally, provision is made for a penalty, payable to the state, to be assessed against any foreign corporation which transacts business without a certificate of authority. Tenn.Code Ann. § 48–1106(3).

Since enactment of the Corporation Act in 1968, there have been few cases construing the above cited sections and no cases addressing the issue of director/shareholder liability for the debts of a nonqualifying foreign corporation. Pre-Corporation Act case law holds that a shareholder/director of a nonqualifying corporation is individually liable for the corporate debt because a corporation which has not complied with Tennessee law is without existence and has no power to contract; thus those proceeding with the business become individually liable for the debts created. *See e.g., Cunnyngham v. Shelby,* 136 Tenn. 176, 188 S.W. 1147 (1916). However, this case law appears to have been overruled by the Corporation Act, which recognizes the existence of the nonqualifying corporation and its power to contract. Tenn.Code Ann. § 48–1106(1)–(2) (1979); *see also* Comment, *Effect of the New Corporation Act on Existing Corporations,* 36 Tenn.L.Rev. 330, 338 (1969). Precorporation Act case law also holds that when the business of a corporation is commenced in violation of the law, individual liability attaches only where (1) the corporation is nonexistent,[2] (2) the conduct of the parties constitutes fraud on the creditors, or (3) an express statutory provision imposes liability. *Crouch v. Gray,* 154 Tenn. 523, 290 S.W. 391 (Tenn.1926).

In the case *sub judice,* the corporation was in existence, there is no allegation of fraud, and there is no express statutory provision imposing liability for the corporate debt on the shareholder/director.[3] Furthermore, courts of states which have adopted corporation acts similar to the Tennessee act have held that shareholders/directors are not personally liable for the debts of a nonqualifying foreign corporation. *National Ass'n of Credit Management v. Burke,* 645 P.2d 1323, 1325–1326 (Colo.App.1982); *Mysels v. Barry,* 332 So.2d 38 (Fla.App.1976); *McAteer v. Menzel Building Co. Inc.,* 300 N.E.2d 583, 13 Ill.App.3d 394 (1973). Thus, the Court holds that defendant Ryan is not personally liable for the civil penalties assessed and the judgment rendered against Rich Mountain and Diamond Capitol.

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED and the case is DISMISSED.

Order Accordingly.

---

**2.** The Court indicates that in *Cunnyngham v. Shelby,* 136 Tenn. 176, 188 S.W. 1147 (1916) the stockholders of the nonqualifying corporation were held individually liable for the corporate debt because the corporation was nonexistent in Tennessee. *Crouch v. Gray,* 154 Tenn. 523, 530, 536, 290 S.W. 391, 393, 395, (Tenn.1926). As previously noted, the Corporation Act has changed the law to recognize the existence of the nonqualifying corporation.

**3.** Plaintiff argues that liability should be imposed on the individual as a matter of public policy. By statute, a penalty is imposed on the nonqualifying corporation for transaction of business without a certificate. Tenn.Code Ann. § 48–1106(3) (1979). This provision would appear to vindicate the public policy against proceeding unlawfully with business and to be in lieu of recovery against individual shareholders/directors.