INSURANCE CO. v. KENNEDY.

(*Jackson.*    June 11, 1896.)

1. FOREIGN CORPORATIONS.  *Failing to comply with Acts* 1891, *Ch.* 122.

Doctrine reaffirmed that contracts of foreign corporations that have failed to file charters or register abstracts thereof, as required by Acts 1891, Ch. 122, are void.  (*Post, pp. 713, 714.*)

Act construed: Acts 1891, Ch. 122.

Cases cited and approved: State v. Phœnix Ins. Co., 92 Tenn., 420; Cary Lombard Lumber Co. v. Thomas, 92 Tenn., 593; Haworth v. Montgomery, 91 Tenn., 16; Stevenson v. Ewing, 87 Tenn., 46; Isler v. Brunson, 6 Hum., 277; Bates v. Watson, 1 Sneed, 377; Parker v. Cowan, 1 Heis., 520.

2. BILLS AND NOTES.  *Due foreign corporation not collectible, when.*

A note executed by insurance agents for uncollected premiums on policies issued by a foreign insurance company which had refused to file a copy of its charter and have an abstract thereof registered, as required by Acts 1891, Ch. 122, is void, although the makers had, before the passage of such Act, entered into a contract with the company by which they became responsible for all uncollected premiums.  (*Post, pp. 712–714.*)

Act construed: Acts 1891, Ch. 122.

Case cited and distinguished: State v. O'Brien, 94 Tenn., 79.

---

FROM SHELBY.

---

Appeal from Second Circuit Court of Shelby County.   J. S. GALLOWAY, J.

FINLAY & FINLAY for Insurance Company.

F. P. POSTON and W. W. GOODWIN for Kennedy.

JOHN T. ALLEN, Sp. J.    This is an action by the New Hampshire Insurance Company against W. H. Kennedy and P. B. Jones, commenced before a Justice of the Peace, on a note executed by defendant, Kennedy, June 21, 1894, made due and payable September 1, 1894, for $248.42, indorsed by defendant, Jones.    The Justice gave judgment for said company against defendants for the amount of said note, protest fees, and the cost, and defendants appealed from said judgment to the Circuit Court, where said suit was tried by the Judge, without a jury, which resulted in a judgment against said company for the cost of suit, the Court holding that said note was based on an illegal consideration, and was void. Plaintiff in error appealed in the nature of a writ of error to this Court, and has assigned errors to the holding of the Circuit Court.

Plaintiff in error is a foreign corporation, and, in 1891, began to do business in the city of Memphis, and established an agency there, and it constituted and appointed defendants to act as such agents, and, through defendants as such agents, plaintiff in error did a large business in Memphis up to June 30, 1893, when plaintiff in error terminated said agency, and withdrew from this State, refusing to file a copy of its charter with the Secretary of the State, and to have an abstract of its charter registered in Shelby County, as required by Chapter 122 of the Acts of 1891.

It was a part of the original contract of agency

between plaintiff in error and defendants that defendants, as such agents, should be responsible for and pay to said company the premiums on all policies issued by them, and they were to settle every sixty days; and · they, as such agents, had to be responsible for all uncollected premiums, and were required to account every sixty days for premiums on all policies issued, whether they had collected the same or not.

On settlement with said company, after the termination of said agency, defendants were indebted to said company to the amount of $1,248.42, and defendant, Jones, gave his note for $1,000, and defendant, Kennedy, gave the note sued on, indorsed by said Jones.  Both of said notes were given for uncollected premiums on policies issued by said company through said agents in the city of Memphis after said Act of 1891 went into effect, and in violation of the provisions of said Act.

Section· 3 of said Act provides: "That it shall be unlawful for any foreign corporation to do, or to attempt to do, any business, or to own or to acquire any property in this State, without having complied with the provisions of this Act, and a violation of this statute shall subject the offender to a fine," etc.  ·

Plaintiff in error being a foreign corporation, after said Act went into effect, and, by its failure and refusal to comply with the requirements of said Act, it was not authorized to do any business or to own

or acquire any property in this State, and all busi-
ness transacted by said company in Memphis, and
all contracts made by said company in the course
of its business in the city of Memphis after said
Act went into effect were illegal, and prohibited by
said statute, and said company could not have sued
the policy holders for any uncollected premiums on
policies issued in violation of said statute, and re-
cover the same. *State* v. *Phœnix Insurance Co.*, 8
Pickle, 420; *Lombard Lumber Co.* v. *Thomas*, 8
Pickle, 593; *Haworth* v. *Montgomery*, 7 Pickle, 16;
*Stevenson* v. *Ewing*, 3 Pickle, 46.

It is well settled in this State that all contracts
which are prohibited by statute are void, and will
not be enforced by the courts. *Ib.; Isler, Admr.*,
v. *Brunson*, 6 Hum., 277, and cases cited (Coop-
er's Ed.).

The note here sued on being for uncollected pre-
miums on policies issued by plaintiff in error when
it was prohibited by said Act of 1891 from doing
any business in this State, the same is illegal and
void, and cannot be collected. *Bates* v. *Watson*,
1 Sneed, 377; *Parker* v. *Cowan*, 1 Heis., 520.

The Circuit Court dismissed this suit, and the
judgment is affirmed.

---

OPINION ON REHEARING.

ALLEN, Sp. J. Upon the petition to rehear, it
is earnestly insisted that, inasmuch as the agency

contract was made with defendants prior to the passage of the Act of 1891, by which they agreed to be responsible, and account for all premiums on policies issued through them as agents, that this makes the note given for uncollected premiums legal and binding, notwithstanding the note was given for uncollected premiums on policies issued in violation of a statute enacted after said contract was made, inasmuch as no fraud, accident, or mistake was alleged or proved.

This is not a suit upon the contract of agency referred to, but upon the note given to cover uncollected premiums on policies issued in violation of said Act passed after said contract of agency was made. Defendants had a right to assume that said company would, so long as said agency continued, comply with every legal requirement to authorize it to conduct its business legally in the city of Memphis, and the fact that said company failed and refused to comply with the statute, and withdrew from the State rather than comply with the statute of the State, leaving policies outstanding, and policy holders unwilling to pay the premiums, because said company had refused to comply with the statute, and had withdrawn from the State, might have been grounds sufficient for defendants to have refused to stand responsible for uncollected premiums. If defendants had collected these premiums as the agents of said company, then they would be estopped to deny their liability. But the record shows these

premiums for which this note was given were never collected, and the premiums were illegal, and could not be collected on account of the failure of said company to comply with the statutory requirements of the State, without any fault or neglect on the part of these defendants.

This is a different case from one where the agent actually collects the money of his principal, and embezzles it, and undertakes to defend his action on the grounds that the business from which the money was derived was unlawful, which was the case in *State* v. *O'Brien*, 10 Pickle, 79, which is relied on by plaintiff in error as authority in this case. In that case the agent had received the money of his principal, and embezzled it. Judge Beard, delivering the opinion of this Court, said: "Upon the plainest principles, having assumed to receive this money for his nonresident principal, he is concluded, both civilly and criminally, by this assumption."

As stated, if the defendants had received the money of said company in the course of its business conducted in Memphis, and suit had been brought to recover of defendants the money so collected, defendants would be concluded and estopped by their assumption to defend such a suit on the ground that the business of the principal out of which they received the money, as agents of the principal, was prohibited by law.

But such is not this case. Here the money was not received by the agents, and these contracts to

pay premiums having been made illegal and void, by reason of the principal's failure and refusal to comply with the statute, so that the premiums could not be collected, there was no moral or legal obligation resting on defendants as a reason why they should be held liable for said uncollected premiums. And, although defendants gave their notes to cover the uncollected premiums, they are not concluded from making the defense that the consideration for said note was illegal. In the case of *Bates* v. *Watson*, 1 Sneed, 379, the Court say: "We take it to be a principle of law too well established to be now called in question, that no liability can be created by a subsequent promise where no legal obligation ever existed previously, unless supported by a new and sufficient consideration. It is unquestionably true that a new contract may be created which, if wholly unconnected with the illegal transaction, and founded on a new consideration, will be valid, although in relation to a matter respecting which there may have been prior unlawful transactions between the parties. 11 Whart., 207. But if the promise, though it purports to be a new contract, grows immediately out of, or be connected with, the illegal transaction, it will be utterly void."

These well-settled principles of law are applicable to this case, and they show conclusively that plaintiff in error is not entitled to invoke the aid of the Courts to enable it to collect said note.

The petition to rehear is dismissed.