# SINGER MFG. CO v. DRAPER

### AND

## SINGER MFG. CO. v. LOONEY.

### (*Knoxville.* September 27, 1899.)

CONTRACT. *Illegal.*

> Where an occupation, *e. g.*, selling sewing machines, has been declared a privilege, not to be pursued without license and payment of tax, one who makes a sale without compliance with the law, cannot maintain an action to recover back the property, under a provision of the contract reserving that right upon the seller's default in making payment of the purchase price. The contract is in such case illegal, and the Courts will not aid in its enforcement.

Act construed: Act 1895, Ch. 120.

Cases cited and approved: Stevenson *v.* Ewing, 87 Tenn., 46; Carey Lombard Co. *v.* Thomas, 92 Tenn., 587.

---

### FROM HAWKINS.

---

Appeal in error from Circuit Court of Hawkins County. H. T. CAMPBELL, J.

A. T. BOWEN for Singer Company.

HUFFMASTER & CHESTNUTT for Draper and Looney.

Singer Mfg. Co. *v.* Draper and Singer Mfg. Co. *v.* Looney.

WILKES, J. These two suits are actions of replevin, and involve substantially the same questions of law.

On the 13th of November, 1896, the Singer Manufacturing Company, through its local agent in Kawkins County, sold to H. M. Draper a sewing machine, and on the 21st of February, 1896, sold a machine to Mary Looney, the contracts in each case being in writing and the same, the company in each case retaining the title to the machines until paid for, together with a right to retake them on default of payment. Default was made on each machine after partial payments had been made, and replevin was brought before a Justice of the Peace for each, the machine in the Draper case being valued at $50 and in the Looney case at $40. The machines were taken out of the possession of the purchasers and put into the possession of the company. On trial in the Circuit Court the Judge held that the company was not entitled to retake the machines, and gave judgment in the Draper case for $50, the value of the machine, and $19.50 damages for the detention, and in the Looney case for $40 and $2.50 damages for detention, and the company has appealed to this Court and assigned the same errors in each case. The cases were heard upon an agreed statement of facts, and among others not necessary to mention is one that when these sales were made the company had not paid any license

tax for 1896 to sell machines in Hawkins County, as required by statute, and had paid none for five or more years previous to that date. The learned Circuit Judge held that for this failure to comply with the law the company could not sue to enforce the contract and could have no standing in the Courts for any purpose whatever. The company assigns this holding as error. At the time these contracts were made, the Act of 1895, Chap. 120, was in force. Sec. 65 of that Act provides that the occupations and business transactions that should be deemed privileges would be enumerated in the revenue law, and should be taxed and not pursued or done without license. The revenue Act placed a tax upon dealers or agents selling sewing machines. It has been held that such provisions are an express prohibition against persons pursuing or exercising any of such privileges without license, and if they do so their acts are in violation of law, and all contracts for their enforcement or benefit are illegal and unenforceable. *Stevenson* v. *Ewing,* 3 Pickle, 46; *Carey Lombard Co.* v. *Thomas,* 8 Pickle, 587. This holding has been followed and repeated too often to require further citation. The courts will not enforce contracts made in open violation of law, and will give no relief either by way of enforcing the contract or giving damages for its breach. It is said by the company, however, that it is not suing to enforce the con-

Singer Mfg. Co. *v.* Draper and Singer Mfg. Co. *v.* Looney.

tracts, but to recover the machines, and this it has the right to do, even if the contract be void. The contract upon its face provides that on default of payment the company may retake the machines. To allow it to do so will, it is plain, be to enforce the contract. To allow it to do so would be to put a premium upon its violation of law. In other words, it is to permit it to make an illegal contract, receive part payment thereon, and then repudiate it and retake the property and retain the amount paid. It may be remarked that the suits were commenced before a Justice of the Peace; one involves $50 and the other less. The statute requires them to be heard upon equitable principles in the same manner as in Courts of Chancery. Now if we could hold (which we do not) that plaintiff could retake the machines as upon a repudiation of the contracts it could only do so upon condition that it refund the amounts received upon the sales. This it has not done nor offered to do. It must be borne in mind that as between the parties the contract is not void and the principle which prevents the plaintiff's recovery is that the Courts will not lend their aid to enforce contracts and transactions made in fraud and violation of its laws, and which it has impliedly prohibited; nor will it lend its aid to repudiate them, in order to enable a party making them to reap a benefit therefrom, and this on grounds of public policy.

The judgments are affirmed with costs.