## HARRIS *v.* PARKER.

### (*Knoxville.* September 28, 1901.)

CONTRACTS. *In violation of statute void.*

An action cannot be maintained for the price of commercial fertilizer that contained no ammonia, the sale being made in violation of the statute forbidding sale of commercial fertilizers in this state that do not contain a "given per cent." of ammonia to be prescribed by the Commissioner of Agriculture, and declaring persons guilty of a misdemeanor who make sales in violation of this provision.

Act construed: Acts 1897, ch. 123.

Cases cited: Stevenson *v.* Ewing, 87 Tenn., 46; Singer Mfg. Co. *v.* Draper, 103 Tenn., 262.

### FROM HAMBLEN.

Appeal in error from the Circuit Court of Hamblen County. W. R. HICKS, J.

CARRIGER & McCANLESS for Harris.

HOLLOWAY & HODGES for Parker.

CALDWELL, J. In the autumn of 1898, C. C. Parker, agent of the Atlanta Guano Company, sold and delivered to J. C. Harris, at Alpha, Tenn., about three tons of commercial fertilizer, manufactured by that company, at Atlanta, Ga.

The price not being paid, when due, Parker, as agent, sued Harris therefor, and obtained verdict. and judgment for $63.37.

Harris appealed in error.

The principal ground of defense was, that the fertilizer did not contain ammonia, one of the ingredients prescribed by statute. Parker testified that it contained "potash and acid phosphate, but no ammonia;" and Harris, that it contained "only potash and phosphoric acid." They agreed, also, that the fertilizer delivered had exactly the ingredients contracted for, and that ammoniated fertilizer was not intended to be sold or bought.

The trial Judge instructed the jury, in substance, that if the article delivered should be found to have met the requirements of the contract, the plaintiff was entitled to recover, notwithstanding the absence of ammonia, and the statutory provision for its presence.

That instruction was erroneous. Section 3, of Chapter 123, of the Acts of 1897, provides that no commercial "fertilizers shall be sold in this State, unless their analysis shall show a given per cent. of ammonia, potash, and available phosphoric acid, said given per cent. to be prescribed by the Commissioner of Agriculture," and the 10th section of the same enactment declares "that any person, or persons, firm, or corporation, selling or offering for sale, any commercial fertilizers in this State, without having complied with the provisions

Harris *v.* Parker.

of this Act, shall be guilty of a misdemeanor, and upon conviction, shall be fined two hundred ($200.00) dollars for each offense," etc.

It is readily observed that the former of these sections expressly prohibits the sale of any commercial fertilizer not possessing ammonia as an ingredient, and that the latter penalizes each of such sales.

That prohibition and penalization, under both English and American authorities, renders this contract of sale doubly illegal and non-enforceable in any Court. 2 Benj. on Sales (4th Am. ed.), Secs. 818, 825; Addison on Con., Sec. 294; *Stevenson* v. *Ewing,* 87 Tenn., 46; *Singer Mfg. Co.* v. *Draper,* 103 Tenn., 262.

Either the fact that the statute absolutely prohibited the sale, or that it imposed recurring penalties, thereby indicating an intent to prohibit, would in and of itself have been sufficient to vitiate the contract. 2 Benj. on Sales, Sec. 835; *Stevenson* v. *Ewing,* 87 Tenn., 50.

Reverse and remand.