R. M. CONDRA & CO. *et al. v.* SLOAN, IRVINE & SLOAN.

(*Knoxville,* September Term, 1938.)

Opinion filed Dec. 17, 1938.

Sizer, Chambliss & Kefauver, of Chattanooga, for plaintiffs in error.

Silas Williams, of Chattanooga, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This suit was instituted by Sloan, Irvine & Sloan against R. M. Condra & Company and Martin A. Hayes Company to recover the sum of $130.46, balance alleged to be due on a brokerage commission on a bond covering the construction of certain school buildings at Cleveland, Tennessee. Sloan, Irvine & Sloan were engaged in the general insurance business at Chattanooga, and a Mrs. Davis was employed by them as bookkeeper and stenographer. R. M. Condra & Company, in December, 1936, was awarded the contract for the construction of the school buildings above referred to. Sloan, Irvine & Sloan desired to write the construction completion bond, and for the purpose of securing the business sent Mrs. Davis, their employee, to Cleveland, where she had formerly lived and had many friends, to solicit the writing of this bond. R. M. Condra & Company, the contractor, however, placed the business with Martin A. Hayes Company, a concern engaged in the general insurance business at Nashville, under an agreement on the part of R. M. Condra & Company, understood and acquiesced in by Martin A. Hayes Company, to pay the usual and customary brokerage commission to Sloan, Irvine & Sloan.

Martin A. Hayes Company sent Sloan, Irvine & Sloan a check for $75, and the latter company protested the amount and requested a check for the balance of the usual brokerage commission, which is shown to be 20 per cent of the bond premium. The balance claimed not being paid, this suit resulted.

The trial court awarded plaintiffs, Sloan, Irvine & Sloan, a judgment for the amount sued for. On defendants' appeal, the Court of Appeals affirmed the judgment of the trial court. Defendants filed their petition for *certiorari* to this court, which was granted and the case set down for argument, and argument has been heard.

The defense made is that the soliciting agent of plaintiffs, Mrs. Davis, had not paid a privilege tax and obtained a license to solicit insurance.

It is admitted that Mrs. Davis had no license to solicit insurance. It is not contended that any one except Mrs. Davis of the plaintiffs' organization had any connection with securing the business in question. The only other contact of any one connected with plaintiffs was when Mr. Sloan called up Mr. Condra on the telephone, and Mr. Condra advised him he had not decided to whom he would give the business of writing the bond.

The proof shows that Mrs. Davis received from her employers $50 of the $75 paid by the Martin A. Hayes Company, and it is admitted that the balance of the commission, if collected, will be divided with her. Plaintiffs, however, had no contract with Mrs. Davis to pay her any part of the commission on business she writes.

N. S. Sloan, senior partner of the plaintiffs' firm, was asked with reference to Mrs. Davis:

"Q. Does she occasionally solicit some business?

"A. Only in cases of this kind where we direct it.

"Q. When she does that, do you allow her a commission?

"A. We usually givè her a part of the commission."
And again:

"Q. Mrs. Davis didn't have a license?

"A. She was not soliciting for herself. She was soliciting for Sloan, Irvine & Sloan.

"Q. Your agreement with her was that she would get two-thirds of the premium and you would take one-third?

"A. There was no agreement before that. When she did the work we gave her that commission.

"Q. She got $50 and you got $25?

"A. That is correct. There was nothing promised her during all that time."

Plaintiffs were duly licensed insurance agents, but they had not obtained for Mrs. Davis the certificate required by section 6140 of the Code. This section is as follows:

"Every insurance company, including fraternal benefit associations, and all other companies licensed to do business in this state, shall obtain from the commissioner of insurance and banking a certificate of authority for every agent or solicitor writing or soliciting insurance for it as provided in this state, and such certificate shall be renewable in January of each year, and the same may be revoked, after a hearing, for good cause shown by said commissioner of insurance and banking. This statute shall not apply to any executive or traveling salaried employee of any insurance company, association or any other insurance organization."

Chapter 13, Public and Private Acts 1931, First and

Second Extraordinary Session, at page 141, provides as follows:

"Each insurance agent, solicitor, member of a firm ex-. cept those representing domestic, State and county mutual fire insurance companies, shall, for the purpose of soliciting or writing insurance in this State, pay a privilege tax direct to the Commissioner of Insurance and Banking in lieu of all other taxes before a license to transact such business shall be issued as follows:

"In counties having a population of 50,000 or more, per annum ............... $20.00". Article 3, section 1, Item 100, subd. (b).

The above enactment was readopted as Item F of the 1937 General Revenue Act, Pub. Acts 1937, c. 108, art. 2, sec. 2.

Plaintiffs rely upon the concluding paragraph of section 6137 of the Code, which paragraph is as follows:

"All agents of insurance companies as defined in this section shall on or before the first day of April of each year report to the commissioner a list verified by oath of all persons to whom such agent shall have during the preceding year paid any commission or part thereof, directly or indirectly, for the writing or issuing of any policy of insurance; and it shall thereupon be the duty of the commissioner to collect from all such persons the taxes imposed by the laws of this state upon insurance agents, unless the same shall have theretofore been paid."

This case was tried in the circuit court on June 7, 1937. The bond was written in December, 1936. At the time of the trial the plaintiffs had not reported to the commissioner the payment to Mrs. Davis of a part of the commission received by them on the bond transaction in

question; nor had Mrs. Davis paid to the commissioner the required privilege tax, which tax must be paid "before" a license to transact such business shall be issued by the commissioner.

 Plaintiffs are here seeking to recover a commission on insurance business procured for them by an unlicensed solicitor. It is the general rule in this State that one transacting business without paying the required privilege taxe to the State cannot recover on the contract. *Wright* v. *Jackson Const. Co.*, 138 Tenn., 145, 196 S. W., 488. Likewise, we hold it to be true that an insurance agent cannot recover premiums on business procured for him by a solicitor who had not paid a privilege tax, and for whom the insurance company had not obtained the certificate required by Code 6140. Our insurance statutes provide for a strict regulation of the matter of soliciting insurance, even to the extent of granting to the commissioner the power to investigate the moral character and fitness of agents and solicitors. (Code 6139.) All of this is for the proper protection of the citizens of the State.

The fact that Mrs. Davis was in the employ of plaintiffs as bookkeeper and stenographer is immaterial in the decision of the case. She was sent out by plaintiffs to get the business of writing the bond in question, not as bookkeeper and stenographer, but to solicit the business of writing the bond. Nor was this an isolated case. The proof clearly shows that Mrs. Davis had been sent out by plaintiffs to solicit insurance business on other occasions.

Our conclusion is that plaintiffs are not entitled to recover the commission sued for, and the judgment of the Court of Appeals and of the circuit court must be reversed and the case dismissed. Plaintiffs will pay all the costs of the case.