Bush Bldg. Co. *v.* Mayor and Alder-
men of Town of Manchester.

(*Nashville,* December Term, 1949).

Opinion filed December 17, 1949.

Howard F. Butler, of Nashville, Leighton Ewell, of Manchester, for appellant.

Robert L. Keele, of Manchester, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainant appeals from the Chancellor's decree dismissing its bill and sustaining the plea in abatement filed by defendant.

The only question presented here is whether the Chancellor was in error in sustaining the plea in abatement. This plea is based on the statement that complainant was not licensed to do business in Manchester, Tennessee, as required by law, and for this reason complainant is not entitled to invoke the aid of the chancery court to collect its claim against defendant. In support of this question the Chancellor cited the cases of *Wright* v. *Jackson Const. Co.,* 138 Tenn. 145, 196 S. W. 488; *Gilley* v. *Harrell,* 118 Tenn. 115, 101 S. W. 424; *Pile* v. *Carpenter,* 118 Tenn. 288, 99 S. W. 360; *Singer Mfg. Co.* v. *Draper* and *Singer Mfg. Co.* v. *Looney,* 103 Tenn. 262, 52 S. W. 879; *Cary-Lombard Lumber Co.* v. *Thomas,* 92 Tenn. 587, 22 S. W. 743; and *Stevenson* v. *Ewing,* 87 Tenn. 46, 9 S. W. 230.

Complainant was awarded a contract to construct a sewerage system and sewage disposal plant in the Town

of Manchester, the cost of which was to be over $200,000. The contract price has all been paid except $1916, the amount involved in this suit. The Town of Manchester, through its duly qualified engineer, whose duty it was to make plans, recommend changes, give instructions and directions for the work in general, ordered certain changes and substitutions of materials to the sewage disposal plant, which changes amounted to $1916 above the original contract price.

Defendant relies upon Sections 1248.1, 1248.2, 1248.8, 1248.40 and 1248.139 of Williams' Code, as amended. The statute requires complainant to pay a license fee to the Town of Manchester. This fee was not paid until after the work had been completed.

██ In *Whitley* v. *White*, 176 Tenn. 206, 220, 140 S. W. 2d 157, 163, this Court, in discussing which parties could recover under an illegal contract, said: ''In the course of an interesting discussion of the subject in Am. Jur., Volume 12, pp. 728, 729, this well-expressed summarizing statement appears: 'The distinction between the cases where a recovery can be had and the cases where a recovery cannot be had of money connected with illegal transactions is substantially this: Wherever the party seeking to recover is obliged to make out his case by showing the illegal agreement or transaction, or through the medium of the illegal agreement or transaction, or when it appears that he was privy to the original illegal agreement or transaction, then he is not entitled to recover any advance made by him in connection with that agreement or money due him as profits derived from the agreement; but when the advances have been made upon a new agreement remotely connected with ,the original illegal agreement or transaction, and the title or right

of the party to recover is not dependent upon that agreement and his case may be proved without reference to it, he is entitled to recover.' "

To permit a recovery in the present cause would be against the rule stated in *Wright* v. *Jackson Const. Co.,* *supra,* and later followed by this Court in *Condra & Co.* v. *Sloan, Irvine & Sloan,* 173 Tenn. 686, 122 S. W. 2d 440.

Complainant relies upon the general language stated in *Land Co* v. *Jellico,* 103 Tenn. 320, 52 S. W. 995, where it was held that a municipal corporation is not bound by a contract entered into by its Board of Mayor and Aldermen at a special meeting, of which some of the members were not legally notified and at which they were not present. However, in that case the Court permitted a recovery upon an implied promise, as the City had received all the advantages and benefits of the contract. It appeared that the members of the Board knew of the improvements going on and failed to register any complaint or undertake to stop the work. The question of a license fee as a prerequisite to entering into a contract with the City was not involved in that case.

After carefully considering the difficult questions presented by this cause, we must overrule all assignments of error and affirm the decree of the Chancellor.

All concur.