In the Matter of **LEEDS HOMES, INC.**
**O. M. TATE, Jr., Trustee, Appellant**

v.

**NATIONAL ACCEPTANCE COMPANY OF AMERICA, Appellee.**

No. 15605.

United States Court of Appeals
Sixth Circuit.

June 9, 1964.

John A. Rowntree, Knoxville, Tenn. (Claude K. Robertson, Knoxville, Tenn., on the brief; Fowler, Rowntree & Fowler, Knoxville, Tenn., of counsel), for appellant.

Joseph A. Segal, Cincinnati, Ohio (Leonard S. Meranus, Maurice Jacobs, Cincinnati, Ohio, A. Bruce Schimberg, Chicago, Ill., on the brief; Paxton &

Seasongood, Cincinnati, Ohio, Schimberg, Greenberger, Krauss & Jacobs, Chicago, Ill., of counsel), for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This is an appeal from a judgment of the District Court allowing appellee's claim in a reorganization proceeding under Chapter X of the Bankruptcy Act.

An extensive statement of the background facts appears in the District Court opinion, prepared by District Judge Frank W. Wilson, 222 F.Supp. 20, and will not be repeated here. For our purposes, suffice it to say that the appellee, National Acceptance Company, hereafter NAC, made a loan to a subsidiary of Leeds Homes, a Tennessee corporation. Upon default NAC instituted a replevin suit in federal court, jurisdiction being based on diversity of citizenship. While that suit was pending, Leeds Homes and its subsidiaries filed a petition for reorganization under Chapter X of the Bankruptcy Act. After reserving the rights of the parties, the replevin action was dismissed and NAC filed its proof of claim as a secured creditor in the reorganization proceeding.

In opposing the claim, the Trustee contends that NAC, a Delaware corporation, is doing business in Tennessee without qualifying as a foreign corporation as required by Tennessee law. T.C.A. §§ 48-901-48-906. Therefore, the Trustee argues, the contract entered into by NAC i_ void, thereby rendering the claim void. The Trustee, in this respect, relies upon cases construing T.C.A. § 48-908, which provides: "It shall be unlawful for any foreign corporation to engage in intrastate business in this state without complying with §§ 48-901—48-906".

The District Court held against the Trustee on two alternative grounds: (1) that under Tennessee law a contract of a non-qualifying foreign corporation is not void but merely unenforceable in state courts, and that failure of the offending corporation to domesticate is not a good defense against it in a case where jurisdiction is based, not on diversity, but on federal bankruptcy law; and (2) that, in any event, the particular loan in question was an interstate transaction and therefore T.C.A. § 48-908 was not applicable, since by its terms it applies only to intrastate business.

In our opinion, these two holdings are separate, and affirmance of the District Court is required if either holding can be upheld. With this in mind, we turn to the first question determined by the District Court.

■ The Supreme Court has now made it clear that federal, and not state, law will be applied in determining the allowability of claims in bankruptcy proceedings. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; American Surety Co. v. Sampsell, 327 U.S. 269, 66 S.Ct. 571, 90 L.Ed. 663; Prudence Realization Corp. v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293. See In re V-I-D, Inc., 198 F.2d 392 (C.A. 7), cert. denied, Kelley, Glover & Vale v. Kramer, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705. At the same time, however, the Court has pointed out that federal law should be applied with "appropriate regard for rights acquired under rules of state law." American Surety Co. v. Sampsell, 327 U.S. 269, 272, 66 S.Ct. 571, 573.

■ Perhaps the rule was best explained by Justice Frankfurter in his concurring opinion in Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162. There the majority had reiterated the proposition that federal law will be used to determine how and what claims shall be allowed. 329 U.S. at 162–163, 67 S.Ct. 237. Justice Frankfurter agreed, but pointed out that the preliminary question of whether or not a claim exists, to which federal law is then applied, must be determined with reference to state law. 329 U.S. at 169–170, 67 S.Ct. 237.

■ Therefore we turn to Tennessee law to determine whether the claim in the instant case is absolutely void, or

is a claim which merely might be unenforceable in the state courts. The Tennessee courts on occasion have said that a transaction entered into by a nonqualifying foreign corporation is void. Peck-Williamson Heating & Ventilating Co. v. McKnight, 140 Tenn. 563, 205 S.W. 419; Insurance Co. v. Kennedy, 96 Tenn. 711, 36 S.W. 709; State Life Ins. Co. v. Dupre, 19 Tenn.App. 301, 86 S.W.2d 894; see also Cary-Lombard Lumber Co. v. Thomas, 92 Tenn. 587, 22 S.W. 743. However, where the precise question has been presented, the Supreme Court of Tennessee has held that such contracts are not absolutely void, but may be unenforceable. Lloyd Thomas Co. v. Grosvenor, 144 Tenn. 347, 233 S.W. 669; Biggs v. Reliance Life Ins. Co., 137 Tenn. 598, 195 S.W. 174; Cunnyngham v. Shelby, 136 Tenn. 176, 188 S.W. 1147, L.R.A. 1917B, 572; Singer Mfg. Co. v. Draper, 103 Tenn. 262, 52 S.W. 879. In the Biggs case the court said: "It has never been ruled by this court that a contract so entered into was so far void as to be unenforceable by the other contracting party." 137 Tenn. at 603, 195 S.W. at 175.

Therefore, it is our conclusion, in agreement with the District Court, that under Tennessee case law contracts and transactions of non-qualifying foreign corporations are not void, but are merely unenforceable in the state courts in actions initiated by the offending corporation. As said by the Supreme Court of Tennessee in Singer Mfg. Co. v. Draper, supra:

> "It must be borne in mind that, as between the parties, the contract is not void, and the principle which prevents the plaintiff's recovery is that the courts will not lend their aid to enforce contracts and transactions made in fraud and violation of its laws, and which it has impliedly prohibited. Nor will it lend its aid to repudiate them in order to enable

a party making them to reap a benefit therefrom, and this on grounds of public policy." 103 Tenn. at 265, 52 S.W. at 880.

■ The fact that the state courts may refuse to enforce the claim has no bearing in the bankruptcy proceeding. Once it is determined that a claim exists, then federal law is applied to determine whether it should be allowed.

■ The Trustee makes the argument that if the claim would not be enforced in the state court then, under the Erie doctrine, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it should not be enforced in a federal court sitting in that state. In support of this proposition, the Trustee cites Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. This argument overlooks the fact that jurisdiction in the instant case is based on federal bankruptcy law and not on diversity of citizenship. Thus a bankruptcy court does not sit "as if it were only another state court," and Erie does not apply. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 162, 67 S.Ct. 237, 240. Similarly, Woods v. Interstate Realty Co., supra, being a diversity case, has no bearing on this case. In re V-I-D, Inc., 198 F.2d 392, 396 (C.A. 7), cert. denied, Kelley, Glover & Vale v. Kramer, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705.

Having held that this claim cannot be defeated in a bankruptcy court on the ground that the creditor was a nonqualifying foreign corporation, we do not find it necessary to pass upon the holding of the District Court to the effect that the Tennessee foreign corporation law would not preclude an action in state courts to enforce this contract because this particular loan was an interstate transaction. Accordingly, we express no opinion on that issue.

The judgment of the District Court is affirmed.