**FANTASTIK, INC., d/b/a Fantastic Furniture Warehouse, Debtor.**

**DOLLAR SAVER STORES, INC., An Oklahoma Corporation, Plaintiff,**

v.

**Harry BROWN; Fantastik, Inc., a Nevada Corporation; and Charles L. Ruthe & Associates Inc., Realtor & Associates, a Nevada Corporation, Defendants.**

BK–LV–82–1564.
Adv. No. 84–0023.

United States Bankruptcy Court,
D. Nevada.

May 21, 1985.

Thomas W. Davis, II, Jimmerson & Associates, Las Vegas, Nev., for plaintiff.

William L. McGimsey, Las Vegas, Nev., for Harry Brown and Fantastik, Inc., defendants.

Gary D. Lang, Las Vegas, Nev., for Charles L. Ruthe & Associates, Inc., and Realtor & Associates, defendants.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

The defendants' oral motion to dismiss, made at the conclusion of the plaintiff's case, requires this Court to determine whether state law or Federal Rule of Civil Procedure 17(b) is applied to determine whether the plaintiff has capacity to sue. The Court must also decide whether that defense may be first raised after the plaintiff's case has been presented at trial.

The plaintiff, an Oklahoma corporation, filed its complaint against the defendants seeking actual and punitive damages for breach of contract, negligence, and fraud arising out of a failed lease agreement. The plaintiff, in its complaint, alleged that it was an Oklahoma corporation qualified to do business in Nevada. The defendants' respective answers denied that allegation because of lack of knowledge or information upon which to base an answer. The case proceeded to trial and at the conclusion of the plaintiff's case, the defendants orally moved to dismiss on the ground that the plaintiff lacked the capacity to sue.

The defendants contend that the plaintiff lacks capacity *under state law* to commence or maintain this adversary proceeding. The defendants argue that the plaintiff is a foreign corporation that has been doing business in Nevada without qualifying to do so under Nevada law. *See* Nev. Rev.Stat. §§ 80.010 to 80.040. A foreign corporation doing business in Nevada without qualifying to do so may not commence, maintain, or defend any action in the State's courts. Nev.Rev.Stat. § 80.210(1).

The plaintiff opposed the motion to dismiss contending that it had not been "doing business" in Nevada, but had only conducted a retail business in the state for a limited time. The plaintiff further argues that any affirmative defense based on lack of capacity to sue was waived when not affirmatively plead as required by Federal Rules of Civil Procedure 8(c) and 9(a).

Neither the plaintiff, nor the defendants, have addressed the issue of whether state or federal law applies in determining capacity to sue in an adversary proceeding brought in bankruptcy court. For the reasons stated below, the Court concludes that federal law applies in determining capacity to bring and maintain an adversary proceeding to determine the allowance or disallowance of a claim in the bankruptcy court.

Federal Rule of Civil Procedure 17 is made applicable in this adversary proceed-

ing through Bankruptcy Rule 7017. Federal Rule of Civil Procedure 17(b) provides that "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized". This rule, however, has been qualified in part by the Supreme Court in cases based solely on diversity or alienage jurisdiction. *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Rule 17(b), as qualified, provides that while a foreign corporation bringing an action based on diversity jurisdiction may have technical capacity to sue in federal court, it cannot recover in federal court where recovery in the state courts would be denied.

The reasoning of the *Bullington* and *Woods* decisions is consistent with, and in fact an extention of the Erie Doctrine. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Erie Doctrine states that "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Id.* at 78, 58 S.Ct. at 822. A federal district court hearing an action based solely on diversity or alienage jurisdiction should adjudicate the case as if it were simply another state court. *See Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 162, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946).

One of the purposes of the Erie Doctrine is to prevent forum shopping by plaintiffs who, in diversity cases, have a choice of forums in which to bring their actions. The Erie Doctrine eliminates any preference for the federal court by requiring the federal court sitting in diversity cases to sit as if it were simply another state court. *See In re Leeds Homes, Inc.*, 222 F.Supp. 20, 28 (E.D.Tenn.1963), *aff'd*, 332 F.2d 648 (6th Cir.1964). Thus, "Any valid state law closing its courts to a foreign corporation which is not qualified to do business in the state must, therefore, be given effect in the federal courts of such state in a case *based solely on diversity or alienage jurisdiction.*" J. Moore, A. Vestal & P. Kurland,

*Moore's Manual, Federal Practice and Procedure* § 13.02[5] [emphasis added].

This adversary proceeding in the bankruptcy court, unlike the *Bullington* and *Woods* cases, is not based on diversity jurisdiction. The Erie Doctrine, and thus the rule of the *Bullington* and *Woods* decisions, is not applicable in adversary proceedings brought in bankruptcy to determine the allowance or disallowance of a claim. The Supreme Court in *Vanston Bondholders* stated that:

> In determining what claims are allowable and how a debtor's assets shall be distributed, a bankruptcy court does not apply the law of the state where it sits. *Erie R.R. v. Tompkins*, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188], has no such implication. That case decided that a federal district court acquiring jurisdiction because of diversity of citizenship should adjudicate controversies as if it were only another state court. *See Holmberg v. Armbrecht*, 327 U.S. 392 [66 S.Ct. 582, 90 L.Ed. 743].

329 U.S. at 162, 67 S.Ct. at 239; *see also In re V–I–D, Inc.*, 198 F.2d 392, 396 (7th Cir. 1952), *cert. denied*, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705 (1953); *Matter of Bowers*, 16 B.R. 298, 302 (Bankr.D.Conn.1981).

The Court also notes that forum shopping, a major concern addressed by the Erie Doctrine, is not a problem in bankruptcy cases. In core proceedings brought to determine the allowance or disallowance of a claim, there is but one forum: the bankruptcy court. 28 U.S.C. §§ 1334 and 157. The plaintiff in this case has no choice of forums in which to protect its claims against the debtor in bankruptcy. It would be patently inequitable to deny a creditor access to the bankruptcy court to adjudicate a claim simply because that creditor could not bring that action in the courts of the state in which the bankruptcy court sits.

Adversary proceedings conducted in the bankruptcy court to determine the validity and amount of claims against the debtor's estate are brought under federal bankruptcy jurisdiction. 28 U.S.C. §§ 1334 and 157. The substantive law applied to

513

determine the origin and existence of a claim is state law, unless the Bankruptcy Code otherwise provides. *Matter of Brints Cotton Marketing, Inc.,* 737 F.2d 1338, 1341 (5th Cir.1984); *In re Sparkman,* 703 F.2d 1097, 1099 (9th Cir.1983); *In re John Clay and Co.,* 43 B.R. 797, 812 (Bankr.D. Utah 1984); *In re Spanish Oaks Trail Lanes, Inc.,* 16 B.R. 304, 306 (Bankr.D. Ariz.1981). However, while the validity of a claim is determined by state law, the allowance or disallowance of a claim is strictly a matter of federal law and is left to the bankruptcy court's just exercise of its equitable powers. *Vanston Bondholders Protective Committee v. Green,* 329 U.S. at 163, 67 S.Ct. at 240; *Matter of Brints Cotton Marketing, Inc.,* 737 F.2d at 1341; *In re Sparkman,* 703 F.2d at 1099; *In re Spanish Oaks Trail Lanes, Inc.,* 16 B.R. at 306.

The plaintiff in this proceeding is a corporation duly organized under the laws of Oklahoma. The defendants have not questioned, nor presented any evidence to the Court that the plaintiff lacks capacity to sue under Oklahoma law. The Court finds, therefore, that the plaintiff has capacity to sue in this adversary proceeding.

Assuming, *arguendo,* that the defendants could claim a valid defense of the plaintiff's lack of capacity to sue in this proceeding, that defense was not timely raised and, thus, has been waived. The plaintiff's lack of capacity to sue is an affirmative defense that must be made by specific negative averment. F.R.Civ.P. 8(c) and 9(a). A general denial or a denial based on lack of knowledge or information upon which to base an answer is not a specific negative averment sufficient to raise or preserve the defense of lack of capacity to sue. *Garbincius v. Boston Edison Co.,* 621 F.2d 1171, 1174 (1st Cir.1980). The failure to timely raise the defense of lack of capacity to sue, by specific negative averment in the answer or in a pre-answer motion, results in the waiver of that defense. F.R.Civ.P. 12; *Lang v. Texas & Pacific Ry. Co.,* 624 F.2d 1275, 1277 (5th Cir.1980); *Summers v. Interstate Tractor and Equip. Co.,* 466 F.2d 42, 49 (9th Cir. 1972); J. Moore, A. Vestal & P. Kurland,

*Moore's Manual, Federal Practice and Procedure,* § 9.07[1].

In this case, the defendants, because of lack of knowledge or information, denied the allegation in the complaint that the plaintiff was qualified to do business in Nevada. The defendants' respective denials are not sufficient to raise or preserve the defense of lack of capacity to sue.

The defense was not raised by answer, pre-answer motion, or pre-trial motion. The defense was not raised until after the plaintiff had completed its case at trial. The defendants have, therefore, failed to timely raise the defense of lack of capacity to sue by specific negative averment. Since the defense was not timely raised, it is deemed to have been waived.

Because the Court finds that the plaintiff has capacity to sue in this Court, and that any affirmative defense based on lack of capacity has been waived, the defendants' motion to dismiss is denied.

This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law. Bankruptcy Rule 7052.